NUMBER 13-00-302-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI-EDINBURG

 

 

RICARDO FLORES MENDOZA , Appellant,
v.


THE STATE OF TEXAS , Appellee.

 


On appeal from the 103rd District Court

of Cameron County, Texas.

O P I N I O N


Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Chief Justice Valdez


A jury convicted appellant, Ricardo Flores Mendoza, of aggravated sexual assault and set his punishment at sixty years in
the Texas Department of Criminal Justice-Institutional Division. Appellant's first three issues focus on the admission of
State's Exhibit No. 4, the hammer used in the assault. Appellant argues that the hammer was inadmissible because the
State failed to establish the proper chain of custody. He argues in his remaining issue that the trial court erred by admitting
hearsay testimony from State's witnesses. We affirm.

Statement of Facts

On the morning of October 9, 1999, fifteen-year-old J. L. was sleeping on the couch in the living room of her apartment,
where she lived with her mother, little brother, and her step-father, the appellant. She was awakened by a blow to the back
of her head from a hammer. She turned and saw appellant's face, "and then his hand was on my chest and his two legs were
on my legs pinned." She attempted to get away, but he kept hitting her on the head with the hammer. (1) She screamed for
her mother, but she had already left for work at a local convenience store. After hearing the scream, her brother came into
the kitchen and turned the light on. The appellant told him to go to sleep and he returned to his room. Appellant then
picked up J. L. and took her to the restroom, where he told her to look in the mirror. 

After washing the blood off her head in the shower, he took her back to the living room. J. L. testified that he "was saying
that he wanted to fuck me and to let him fuck me, and I was on the floor begging for my life, to please let me live, please let
me live, and I said please let me live. And he said okay, okay, I will, just let me fuck you." Appellant took off her
underwear and shorts and she felt his penis inside her vagina. While penetrating J. L., he was "just telling me that he is
going to let me live . . . and then after he finished, he told me that somebody broke in the house and somebody beat me up." 
Appellant called 911, and then "sat down next to me and he told me if I told anybody that he did this to me, he would come
back and kill me." J. L. was taken to the emergency room where she told the nurse that her "stepdad had beat me with a
hammer on my head, and he had raped me." The record indicates that J. L. suffered fractures in both the front and back of
her skull.

 Chain of Custody

Appellant's first three issues focus on his claim that the trial court committed error by admitting the hammer into evidence,
without a chain of custody having properly been established by the State. He argues that the trial court erred in its
admission, abused its discretion in allowing testimony regarding the hammer, and that counsel was ineffective in not
objecting to both the hammer and the testimony concerning the hammer.

We use an abuse of discretion standard when reviewing the trial court's decision to admit evidence. Smith v. State, 683
S.W.2d 393, 404 (Tex. Crim. App. 1984); Garner v. State, 848 S.W.2d 799, 802 (Tex. App.-Corpus Christi 1993, no pet.). 
The trial court does not abuse its discretion in admitting evidence where it believes that a reasonable juror could find that
the evidence has been authenticated or identified. Coleman v. State, 833 S.W.2d 286, 289 (Tex. App.-Houston [14th Dist.]
1992, pet. ref'd). 

The Rules of Evidence do not specifically address the chain of custody issue. However, they provide that the authentication
or identification as a condition precedent to admissibility is satisfied if the evidence is sufficient to support a finding that
the matter in question is what its proponent claims. Simmons v. State, 944 S.W.2d 11, 12 (Tex. App.-Tyler 1996, pet.
ref'd). When the evidence is an object or document with unique or distinctive characteristics, the testimony of a person
who perceived the item at the relevant time normally suffices to identify the evidence in court. Jordan-Maier v. State, 792
S.W.2d 188, 192 (Tex. App.-Houston [1st Dist.] 1990, pet. ref'd).

At trial, the hammer was admitted through J. L., her mother, and Officer Sauceda. On direct examination, the victim's
mother identified the hammer as the specific one that she kept in her house. She stated that this was the same hammer that
she had used to hang up items in the house and that she kept it in a Rubbermaid box in the kitchen. Similarly, J. L. testified
that she recognized the hammer as the one the appellant "used to hit me in the head." She also testified that she
remembered seeing that same hammer in her home before. Officer Sauceda testified that this was the hammer he recovered
from the crime scene the morning of October 9, 1999. 

We hold that in light of the testimony from the victim's mother, J. L., Officer Sauceda, and the photocopy of the hammer
admitted into evidence, this hammer is what the party represents it to be. See Tex. R. Evid. 901. The photocopy in the
record reveals an object with "unique" and "distinct characteristics" and J. L.'s testimony perceiving the item at a relevant
time suffices to identify the evidence in court. Jordan-Maier, 792 S.W.2d at 192. Accordingly, when the offered exhibit,
the hammer, is "readily identifiable, the trial court has broad discretion to admit the exhibit on the basis of testimony that
the item is the one in question and is in a substantially unchanged condition." Holder v. State, 837 S.W.2d 802, 806 (Tex.
App.-Austin, 1992, pet. ref'd.) (citing Hammett v. State, 578 S.W.2d 699, 708 (Tex. Crim. App. 1979)). We hold that the
trial court did not err in admitting the hammer into evidence, nor did it abuse its discretion in permitting testimony
regarding the hammer.

Appellant further claims that counsel's failure to object to testimony concerning the hammer's chain of custody constituted
ineffective assistance of counsel. His basis for this, however, stems from his assertion that the judge abused his discretion
in allowing such testimony. Since we have ruled the trial court did not abuse its discretion in allowing such testimony, we
further hold that counsel's performance was not deficient for failing to object to the same. Strickland v. Washington, 466
U.S. 668 (1984). 

Appellant's first three issues are overruled. Hearsay

In his final issue, appellant claims that the trial court erred by allowing hearsay testimony from several of the State's
witnesses. We address them individually.

 


 The Victim's Mother


Appellant's trial counsel objected to testimony by the victim's mother concerning: her son's comments on what the
appellant did to J. L. the night of the assault, J. L.'s emergency room statements, and J. L.'s statements regarding why she
moved out of the apartment

At trial, the victim's mother testified that on the night of the assault, after she had arrived back from work, her son ran to
her and told her that the appellant "kept hitting her and hitting her." The victim's mother asked who did this, her son
responded by "hitting himself with his right hand on his head." Appellant argues that the trial court erroneously admitted
hearsay testimony. The State argues admission of this testimony did not violate appellant's rights because it was admissible
as an excited utterance. Tex. R. Evid. 803(2).

We review the trial court's ruling admitting the victim's mother's testimony under an abuse of discretion standard. Salazar
v. State, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001). We "will uphold the trial court's decision if it is within the zone
of reasonable disagreement." Id. The excited utterance hearsay exception permits admission of a hearsay "statement
relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or
condition." Tex. R. Evid. 803(2). The critical determination is "whether the declarant was still dominated by the emotions,
excitement, fear, or pain of the event" or condition at the time of the statement. Salazar, 38 S.W.3d at 154 (quoting
McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992)). 

There is evidence in the record that, when J. L.'s brother described to his mother what had happened to J. L. he had just
seen his sister hit in the head with a hammer. As such, the testimony indicates that the young boy was sufficiently excited
at the time of the statement and we cannot say that the trial court's admission of the statement was outside the "zone of
reasonable disagreement." Id. at 153-54. 

Appellant argues that the victim's mother testimony's regarding comments her daughter made at the hospital emergency
room was inadmissible hearsay. The State also responds that this was admissible as an excited utterance.

The records indicates that at the time that J. L. made statements to her mother, "her forehead was like if you just peeled it
off, her nose was split open, she had an open wound on the side of her left cheek" and the "top of her right eye was still
split open, she had cuts all over her head, the meat hanging out." Based on these facts, coupled with the preceding sexual
assault, we cannot say that the trial court abused its discretion in admitting this testimony as an excited utterance. Id. 

Appellant argues that the trial court erroneously admitted the victim's mother's testimony that her daughter moved out of
her house because she was tired of the arguing between her mother and the appellant. The State responds that this
testimony was admissible as an exception to hearsay as a statement of the victim's mother's then existing state of mind. 
Tex. R. Evid. 803(3). 

Even if we were to hold the trial court's ruling in error, the admission of the hearsay evidence was rendered harmless by the
introduction of the same or similar evidence without objection. Huff v. State, 560 S.W.2d 652, 653 (Tex. Crim. App.
1978). Excluding the alleged hearsay, J. L. testified without objection that the reason she moved out of her mother's house
was "because my mom and Rick were arguing all the time." 

Accordingly, as to the victim's mother's testimony, the appellant's issue is overruled.

 


 Officer Sauceda


Appellant claims that the trial court erred in admitting Officer Sauceda's testimony as to what another officer told him over
the radio. Officer Sauceda testified that while at the victim's mother's apartment, he received a communication from the
law enforcement officer at the hospital notifying him that J. L. had identified the appellant as her assailant. The State argues
that this is not hearsay because it was not offered for the truth of the matter asserted. Tex. R. Evid. 801(d). 

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offerred in evidence to
prove the truth of the matter asserted. Id. Thus, a statement which is not offered to prove the truth of the matter asserted,
but is offered for some other reason, is not hearsay. Jones v. State, 843 S.W.2d 487, 499 (Tex. Crim. App. 1992). Officer's
Sauceda's testimony concerning what he heard over the radio was not offered for the purpose of proving that the appellant
was the assailant. Rather, it showed why he placed the appellant under arrest. Because this testimony was not hearsay, the
trial court did not err in overruling appellant's hearsay objection to Officer Sauceda's testimony. As to Officer Sauceda's
testimony, the appellant's issue is overruled. 

 


 Nurse Castillo 


Appellant claims that the trial court erred in admitting Nurse Castillo's testimony concerning: (1) "J. L.'s comments to
Nurse Castillo regarding how she got hurt; and (2) statements made by other physicians to Nurse Castillo pertaining to J.
L.'s injuries. Regarding J. L's comments to nurse Castillo, the State argues that the statements made were admissible as a
hearsay exception.

When a patient makes a statement for the purposes of medical diagnosis or treatment, and describes her medical history,
present symptoms, pain, or sensation, or the inception, cause or external source of the injury or pain, those statements are
admissible as exceptions to the hearsay rule. Tex. R. Evid. 803(4); Moyer v. State, 948 S.W.2d 525, 528 (Tex. App.-Forth
Worth 1997, pet. ref'd) (admitting victim's statement in medical report under medical diagnosis or treatment exception to
hearsay rule, even when statements included description of how victim received injuries); see also Gohring v. State, 967
S.W.2d 459, 463 (Tex. App.-Beaumont 1998, no pet.) (holding that nurses, physicians, psychologists, and mental health
therapists are recognizable health professionals). Moreover, testimony of a child's treating physician concerning the child's
statement that the defendant had caused his injuries was admissible as a hearsay exception under rule 803(4). Tissier v.
State, 792 S.W.2d 120, 125 (Tex. App.-Houston [1st Dist.] 1990, pet. ref'd). As such, J. L.'s statements to Nurse Castillo
concerning her injuries and naming the appellant as the cause, are admissible under the medical diagnosis exception. Id.

Appellant further argues that the trial court erred in admitting testimony of Nurse Castillo regarding what physicians told
her about the J. L.'s injuries. Appellant fails to mention, however, that the same descriptions and facts objected to with
regards to Nurse Castillo's testimony, were introduced in greater detail and without objection during the testimony of Dr.
Ghafoori. The hearsay evidence was therefore rendered harmless by the introduction of the same or similar evidence
without objection. See Huff v. State, 560 S.W.2d at 653. 

Appellant's fourth issue is overruled.

We AFFIRM the trial court's judgment. 

 

___________________________

ROGELIO VALDEZ,

Chief Justice



Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 10th day of January, 2002.

1. J. L. testified that he hit her on the head about fifteen times.