2) Caption, civil cases












COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






NORMAN YOUNG,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00066-CR



Appeal from the


238th District Court


of Midland County, Texas 


(TC# CR26746) 




M E M O R A N D U M O P I N I O N


 Norman Young was indicted and convicted by a jury for possession of cocaine. His
punishment was enhanced by two prior convictions. In his appeal, he raises two issues,
contending that the trial court erred in admitting the evidence obtained from the pat down
frisk and that the evidence is factually insufficient. We affirm.



 I

 The testimony of Officer Jessie Ortiz of the Midland Police, was developed at trial.
He testified that he spotted Appellant through his binoculars. (1) Ortiz was located in the
"Flats" in southeast Midland. At about 1:44 a.m., he observed a vehicle stop, the Appellant
jumped out of the vehicle, went to a parking lot and went back to the vehicle. Appellant and
a passenger (who also "jumped" out of the car), took some boxes out and left the officer's
sight. They both put boxes into the backseat of the vehicle and drove away without
headlights, without signaling and failing to stop at a stop sign. Ortiz paralleled the vehicle
and then it turned toward the officer. Ortiz pulled the vehicle over and "As soon as he
(Appellant) came to a stop he jumped out of the vehicle and started walking back towards
me while I was still in my vehicle." The officer expressed concern that when someone
comes toward you, they "get the advantage on top of you." As Appellant walked toward
Ortiz, he put his hands in his pockets. Ortiz then "jumped" out of his car and ordered
Appellant to take his hands out of his pockets. Ortiz asked for Appellant's driver's license
and insurance. Ortiz then told Appellant to do him a favor and walk around to the other side
of the vehicle. "That way I can go ahead and conduct my investigation, my pat down and so
forth." At that point Appellant kept on putting his hands in his pockets, so Ortiz went ahead
and pulled him to the side and patted him down for weapons, described to be standard
procedure. Ortiz felt a pocket knife, went into his pocket to pull it out, and there was a
cellophane wrapper. A trace amount of cocaine was found, amounting to 0.008 grams
including adulterants.

 Prior to trial, Appellant filed a motion to suppress, which the trial court ordered to be
heard on affidavits. (2) The affidavit of Officer Ortiz was understated and unsupportive of the
pat down, compared to his trial testimony. In the affidavit, he merely recited he was a
Midland police officer, he stopped Appellant's car for not signaling and driving without
headlamps, and when he asked Appellant for his driver's license and insurance, Appellant
stated his license was expired and that he was going home. Appellant was already out of the
car and Ortiz patted him down, feeling the pocket knife. He found the cellophane cigarette
wrapper in Appellant's pant pocket. The contents field tested positive for cocaine, Appellant
was handcuffed and transported to Central Detention Center. The record, including the
docket sheet, does not reveal any ruling by the trial court, nor any further demand by trial
defense counsel for a ruling. 

 II

 We review a motion to suppress evidence by both an abuse of discretion and de novo
standards. Guzman v. State, 955 S.W.2d 85, 87-91 (Tex. Crim. App. 1997). Purely factual
questions, based upon evaluation of credibility and demeanor of witnesses, requires
application of the abuse of discretion standard. Id. at 89. Mixed questions of law and fact,
not dependent on credibility or demeanor, are reviewed de novo. Id. We examine the
evidence in the light most favorable to the trial court's ruling. State v. Ross, 32 S.W.3d 853,
855 (Tex. Crim. App. 2000). In a suppression hearing, the trial court is the sole finder of
fact. Pace v. State, 986 S.W.2d 740, 744 (Tex. App.--El Paso 1999, pet. ref'd). The trial
judge may believe or disbelieve any of the evidence presented. Id. at 744. The totality of
circumstances is considered in determining whether the trial court's findings are supported
by the record. In re D.A.R., 73 S.W.3d 505, 509 (Tex. App.--El Paso 2002) (citing Brewer
v. State, 932 S.W.2d 161, 166 (Tex. App.--El Paso 1996, no pet.). Similarly, we use an abuse
of discretion standard when reviewing the trial court's decision to admit evidence. Mendoza
v. State, 69 S.W.3d 628, 631 (Tex. App.--Corpus Christi 2002, pet. denied) (citing Smith v.
State, 683 S.W.2d 393, 404 (Tex. Crim. App. 1984). 

 III

 Appellant argues there was no outstanding warrant for his arrest. The police officer
should be able to point to specific and articulable facts, which taken together with inferences
form the facts, reasonably warrant an intrusion. He cites Terry v. Ohio, 392 U.S. 1, 21, 88
S.Ct. 1868, 20 L.Ed.2d 889 (1968). A pat down cannot be justified as a routine police
matter. Appellant was not behaving in a suspicious manner, and had no bulges in his
pockets. He argues that the Flores case should control. See Flores v. State, 824 S.W.2d 704
(Tex. App.--Corpus Christi 1992 pet. ref'd.). There the majority of the court held: "From
the initial intrusion, the officer was able to determine that Appellant did not possess any item
which would have been a threat to his safety. Thus, even if it was reasonable for the officer
to invade Appellant's person by exploring the inside of his pants pocket, the officer did not
have any right to remove its contents once he discovered that Appellant possessed no
threatening items." Id. at 706. We distinguish Flores, because it was the pat down that
indicated to Ortiz, the presence of a knife. At that point, clearly Ortiz was acting reasonably
in reaching in and removing the knife. 

 Appellant also argues the length of time Appellant was held was too long to effectuate
its purpose. However, as the State notes, this Court cannot consider new legal theories of
exclusion not presented to the trial court. State v. Mercado, 972 S.W.2d 75, 77 (Tex. Crim.
App. 1998) (we have not afforded the courts of appeals latitude to reverse a trial court's
decision on new theories of law not previously presented to that court for its consideration).
Appellant did not include this basis in either his motion to suppress or his objections to the
trial court. Accordingly this theory is waived.

 The State argues the standard for a pat down frisk is an objective one, citing O'Hara
v. State, 27 S.W.3d 548, 554-55, (Tex. Crim. App. 2000). According to the State, Ortiz had
ample reason to fear for his safety. He was alone in a high crime area in the early morning
hours. Appellant jumped out of his vehicle and proceeded toward the seated officer. This
could suggest Appellant was trying to gain the advantage over the officer. Further Appellant
put his hands in his pockets and although he took them out when ordered to do so, he put
them back into his pockets once again. 


 Our analysis begins with the observation of the State that the area was stated to be a
high crime area. The purpose of the pat down is to protect an officer's safety. O'Hara 27
S.W.3d at 554-55. Sometimes, even when an officer erroneously conducts the pat down as
a matter of routine, the objective facts will nevertheless justify the pat down. Id. The Terry
court observed that it would be unreasonable to require that police officers take unnecessary
risks in the performance of their duties. Terry, 392 U.S. 1 at 23. The Supreme Court has
specifically recognized "the inordinate risk confronting an officer as he approaches a person
seated in an automobile." Pennsylvania v. Mimms, 434 U.S. 106, 110, 98 S.Ct. 330, 54
L.Ed.2d 331 (1977). Here however, Ortiz articulates another risk, that of a male jumping out
of his vehicle, and proceeding to the officer's vehicle. While the officer's testimony
articulating the need for the frisk standing alone is tenuous, the officer's concern for his
safety when conducting the frisk was objectively reasonable in light of the circumstances. 
Carmouche v. State, 10 S.W.3d 323, 330 (Tex. Crim. App. 2000). The objective facts
justifying (3) the pat down included Appellant's repeated action in placing his hands in his
pockets, especially after being ordered not to, the high crime area, the fact Ortiz was alone,
and Appellant's unorthodox approach to the police vehicle. See O'Hara 27 S.W.3d 554-55. 
Appellant's first issue is overruled.



 IV Appellant next argues factual insufficiency. In determining the factual sufficiency of
the elements of an offense, the reviewing court "'views all the evidence in a neutral light .
. . and sets aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust.'" Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000) (citing Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)). The court
reviews the evidence weighed by the jury that tends to prove the existence of the elemental
fact in dispute and compares it with the evidence that tends to disprove that fact. Id. We are
authorized to disagree with the fact finder's determination. Id. (citing Clewis, 922 S.W.2d
at 133). This review, however, must employ appropriate deference to prevent an appellate
court from substituting its judgment for that of the fact finder, and any evaluation should not
substantially intrude upon the fact finder's role as the sole judge of the weight and credibility
given to witness testimony. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).
The complete and correct standard a reviewing court must follow to conduct a Clewis factual
sufficiency review of the elements of a criminal offense, asks whether a neutral review of all
the evidence, both for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Johnson, 23
S.W.3d at 11.


 Appellant argues that both Appellant and his passenger Raymon Galan testified that
prior to the stop, Appellant was driving properly. However, Ortiz testified to the contrary. 
Appellant argues the inconsistencies of Ortiz's pre-trial affidavit. And we must agree that
the Ortiz trial testimony was considerably expansive, compared to his affidavit. At trial,
Ortiz admitted Appellant was not drunk. Appellant did not threaten the officer, and other
than putting his hands in his pockets did nothing else to arouse suspicion. Appellant
concludes the overwhelming weight of the evidence makes any verdict based upon a finding
of probable cause or reasonable suspicion to stop clearly wrong and unjust.

 The pertinent portion of the court's charge instructed the jury that before they consider
the testimony of Ortiz, they must find beyond a reasonable doubt that Ortiz had probable
cause to believe and did believe that Appellant committed a traffic violation. The traffic
violations listed in the charge included: failure to signal his intent to turn, or failure to stop
at a stop sign or failure to use headlights when they were required, or parking too close to an
intersection. If the jury did not so find, they were instructed to disregard such testimony and
evidence. The two defense witnesses said there were no traffic offenses. The police officer
said there were traffic offenses. While the officer's testimony is clearly challenged, even by
his own affidavit, a neutral review of all the evidence, both for and against the finding, does
not demonstrate that the proof of guilt is so obviously weak as to undermine confidence in
the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Johnson, 23 S.W.3d at 11. Appellant's second issue is
overruled.


 The judgment of the court is affirmed.

November 21, 2003



 

 

 DON WITTIG, Senior Justice



Before Panel No. 5

McClure, Chew, and Wittig, JJ.

(Wittig, J., sitting by assignment)



(Do Not Publish)

1. Ortiz stopped Appellant on at least one other occasion before trial. 
2. Different judges were involved at various times of the proceedings.
3. In contrast, compare the affidavit of Ortiz recited above. The affidavit did not set out objectively
reasonable basis for the pat down in light of the circumstances.