Sala v. SOT















NUMBER 13-02-00500-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

JULIO SALA, A/K/A JULIO STRIPLING,                                     Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 105th District Court of Nueces County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Hinojosa

          A jury found appellant, Julio Sala a/k/a Julio Stripling (“Sala”), guilty of the felony
offense of tampering with physical evidence.


 After he pleaded “true” to an allegation in
the indictment that he had a prior felony conviction, the trial court found he was a repeat
felony offender and assessed his punishment at twelve years imprisonment. The trial court
has certified that this case is not a plea-bargain case, and that Sala has the right of appeal. 
See Tex. R. App. P. 25.2(a)(2). By three points of error, Sala challenges the admissibility
of certain evidence and the effectiveness of his trial counsel. We affirm.
A. Factual Background
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. Tex. R. App. P. 47.4.
          On October 26, 2001, two groups fought in a parking lot, and a person was stabbed
and subsequently died. The two groups got in their vehicles and left the parking lot. Police
arrived and stopped a vehicle leaving the parking lot. Sala, one of the passengers in the
vehicle, was wearing a bloody, white “Fubu” jersey. Because no one wanted to file
charges, police wrote a report, identified all individuals, and allowed all to leave. The next
day, police spoke with Sala and asked him to provide the clothes he wore on October 26. 
Sala agreed. 
          Joann Navarro, Sala’s live-in girlfriend, testified that Sala came home at 7:30 a.m.
wearing a blood-stained beige “Fubu” shirt. On November 1, 2001, Sala burned the
clothes he was wearing on October 26th in a barbeque pit. Sala gave other clothes to
Navarro to give to police. At the time of trial, Navarro was Sala’s ex-girlfriend.
B. Admissibility of Evidence Regarding Gang Membership
          In his first point of error, Sala contends the trial court erred in allowing “gang
evidence to be admitted into a case that had nothing to do with gang activity.” Although
he fails to identify the specific testimony about which he complains, Sala contends the
State made three references that he was a member of a criminal street gang.
          Our review of the record establishes the following references to gang membership. 
During the guilt/innocence phase of the trial, Corpus Christi Police Lieutenant Trace
Weaver testified that it was not unusual for gang members to refuse to identify or file
charges against rival gang members in connection with a gang-related fight. Second,
during the cross-examination of defense witness Raul Valdez, the State asked whether
Valdez was a member of any groups or associations with Sala. Valdez replied that he was
an ex-member of the “Ace of Spades” gang. Third, during the cross-examination of
defense witness Maria Stripling, Sala’s adoptive mother, the State asked whether she was
aware of her son’s involvement in the “Ace of Spades” street gang. Stripling replied that
she was not. Finally, on cross-examination, Sala claimed that he wanted nothing to do with
gangs anymore. Sala’s trial counsel did not object to any of this testimony.
          To preserve a complaint for appellate review, a party must have: (1) presented a
timely request, objection, or motion to the trial court stating the specific grounds for the
desired ruling if the specific grounds were not apparent from the context; and (2) obtained
a ruling. Tex. R. App. P. 33.1(a); Saldano v. State, 70 S.W.3d 873, 886-87 (Tex. Crim.
App. 2002). Generally, a party’s failure to object in a timely and specific manner during trial
forfeits complaints about the admissibility of evidence. Saldano, 70 S.W.3d at 889. “The
rationale for this rule is to require the parties to give the trial judge and opposing counsel
notice of the error which allegedly is being committed. This affords the trial judge and
opposing counsel the opportunity to rectify the error, if possible.” Spence v. State, 795
S.W.2d 743, 760 (Tex. Crim. App. 1990).
          We conclude that Sala forfeited any complaint regarding the admission of evidence
regarding gang affiliation by failing to object. See Tex. R. App. P. 33.1(a). Sala’s first point
of error is overruled.
C. Exclusion of Alleged Hearsay Evidence
          In his second point of error, Sala contends he was denied a fair trial because the
trial court allowed the State to present hearsay evidence. Specifically, Sala complains of
the testimony of Joann Navarro, the State’s chief witness.
          When first questioned by the State regarding when she decided to tell Detective
Kelly Isaacks the truth about the disposal of the clothes Sala wore on the night of the fight,
Navarro replied, “I don’t remember the exact date that it happened, but there was a lot of
rumors going around saying they were going to come after me, my kids.” Defense counsel
objected to the testimony as non-responsive. Later, when the prosecutor asked why she
was in court, Navarro testified “[b]ecause of everything they were saying, that they were
going to come after us.” This time defense counsel objected on hearsay grounds. The
prosecutor countered that the testimony was to show motive to testify and not for the truth
of the matter asserted. The trial court overruled the objection.
          We review a trial court’s admission or exclusion of evidence under an abuse-of-discretion standard. Montgomery v. State, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990). 
The abuse-of-discretion standard applies to our review of a trial court’s admission or
exclusion of hearsay evidence. See Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim. App.
1994). An abuse of discretion occurs when the trial court acts arbitrarily or unreasonably,
without reference to guiding rules or principles. Montgomery, 810 S.W.2d at 380.
          Hearsay is defined as “a statement, other than one made by the declarant while
testifying at the trial or hearing, offered in evidence to prove the truth of the matter
asserted.” Tex. R. Evid. 801(d). Statements offered simply to prove the fact that they were
made and not to prove the substance of what was said are not objectionable as hearsay. 
Dinkins v. State, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995); Jones v. State, 843 S.W.2d
487, 499 (Tex. Crim. App. 1992), overruled on other grounds by Maxwell v. State, 48
S.W.3d 196, 200 (Tex. Crim. App. 2001); Mendoza v. State, 69 S.W.3d 628, 633 (Tex.
App.–Corpus Christi 2002, pet. ref’d).
          Here, it does not matter whether the declarant’s statement was true or not. The
statement was not offered to prove the truth of the matter asserted. Rather, it was offered
to show that the statement was made and thus, to give context to Navarro’s motive to
testify. Accordingly, we conclude that the statement is not hearsay, and the trial court was
within its discretion in admitting the evidence. We overrule Sala's second point of error.
D. Ineffective Assistance of Counsel
          Alternatively, in his third point of error, Sala contends that his trial counsel was
ineffective by failing to object to the admission of the aforementioned “gang evidence.” Our
review of counsel’s performance must be highly deferential. Strickland v. Washington, 466
U.S. 668, 689 (1984). A defendant seeking relief must demonstrate that: (1) counsel’s
performance failed to constitute reasonably effective assistance by falling below an
objective standard of reasonableness under the prevailing professional norms; and (2)
there is a reasonable probability, but for counsel’s deficient performance, that the result of
the proceeding would have been different. Id. at 694; Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).
          We begin our analysis with a rebuttable presumption that counsel, who is better
positioned than the appellate court to judge the pragmatism of the particular case, made
all significant decisions in the exercise of reasonable professional judgment. Delrio v.
State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). This presumption may be rebutted
by evidence of counsel’s reasoning or lack thereof. See Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994).
          Sala asserts that the evidence suggesting he was a member of the “Ace of Spades”
street gang was irrelevant under rule 404(b). See Tex. R. Evid. 404(b). However, the
record presented on appeal is insufficient to support Sala’s ineffectiveness claim, as it fails
to establish defense counsel’s reasoning for not objecting to the complained-of evidence. 
See Freeman v. State, 125 S.W.3d 505, 506-07 (Tex. Crim. App. 2003). In the absence
of evidence of counsel’s reasons for the challenged conduct, the appellate court will
assume a strategic motivation and will not conclude that the conduct was deficient unless
the conduct was so outrageous that no competent attorney would have engaged in it. 
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d
808, 814 (Tex. Crim. App. 1999); see also Aldrich v. State, 104 S.W.3d 890, 896 (Tex.
Crim. App. 2003) (“Appellate courts can rarely decide the issue of unreasonable
performance because the appellate record rarely speaks to the strategic reasons that
counsel may have considered. . . . The proper procedure for raising such a claim is almost
always habeas corpus.”). Sala’s third point of error is overruled.
          The judgment of the trial court is AFFIRMED.

                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Do not publish. See Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered and filed this the
13th day of May, 2004.