

**NUMBER 13-10-00318-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RYAN PEREZ,                                                         **Appellant,**

**v.**

THE STATE OF TEXAS,                                                 **Appellee.**

### On appeal from the 24th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Vela
### Memorandum Opinion by Justice Garza

Appellant, Ryan Perez, pleaded guilty to two counts of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 2010). At a punishment hearing, appellant pleaded "true" to an enhancement paragraph, and the trial court sentenced him to thirty years' imprisonment on count one, and life imprisonment on count two. *See id.* § 12.42(c)(1), (f) (Vernon Supp. 2010) (enhancing

punishment for first-degree felony to 15 to 99 years or life, and $10,000 fine). By a single issue, appellant contends the trial court erred in overruling his hearsay objection to testimony presented at the punishment hearing. We affirm.

## I. BACKGROUND

### A. The State's Evidence

Appellant pleaded guilty to two counts of aggravated sexual assault of a child on May 20, 2010. At a punishment hearing on June 3, 2010, the State presented the testimony of three witnesses: (1) Delma Perez, appellant's step-mother; (2) A.N., the victim's twelve-year-old brother; and (3) the victim, Anna Lee Pseudonym, appellant's half-sister, who was seventeen years old at the time of the hearing.[1]

Anna Lee testified that she has suffered from seizures since she was eight years old. She testified that when she was fourteen or fifteen years old, appellant gave her alcohol and touched the inside of her vagina with his fingers. She stated that on a more recent occasion, in 2009, she and appellant and A.N. were watching television when she felt a seizure coming on. When she came out of the seizure, appellant was touching the inside of her vagina with his fingers.

A.N. testified that appellant is his half-brother. When A.N. was four or five years old,[2] he was watching a movie with his sister, Anna Lee, and appellant. He testified that Anna Lee had a seizure and appellant started touching her in her private area. According to A.N., Anna Lee was "kind of furious" with appellant, and told her parents what had occurred. A.N. testified that Anna Lee was "talking kind of saddish and saying what [appellant] did." Appellant's counsel objected to A.N.'s testimony regarding what

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 57.02 (Vernon Supp. 2010) (providing that sexual assault victims may use pseudonym in public files and records).

[2] A.N. testified that the incident occurred when he was four or five, but could have occurred when he was six or seven.

Anna Lee said on the basis of hearsay. The trial court overruled the objection. According to A.N., appellant left the house, and "right after" he left, Anna Lee told her parents that appellant had "touched her again on that private area."

## B. Appellant's Evidence

Gloria Negrete, appellant's mother, testified that appellant was physically abused and exposed to pornographic material by his biological father and step-mother.

Appellant testified that, with regard to the first incident, he and Anna Lee were drinking and he fondled her. He testified that, regarding the second occasion, he fondled Anna Lee and she was "responding" to him. According to appellant, Anna Lee did not "black out" on either occasion. On cross-examination, appellant testified that he sexually assaulted three other siblings when they were young children.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A trial court's admission or exclusion of evidence is reviewed under an abuse of discretion standard. *Yanez v. State*, 187 S.W.3d 724, 738 (Tex. App.–Corpus Christi 2006, pet. ref'd) (citing *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); *Salazar v. State*, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001); *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990) (en banc); *see also Coffin v. State*, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994) (holding that a ruling on admissibility of an out-of-court statement under a hearsay exception is within the trial court's discretion, subject to review only for abuse of discretion)). The admission of inadmissible hearsay constitutes non-constitutional error, and it will be considered harmless if the appellate court, after examining the record as a whole, is reasonably assured that the error did not influence the jury verdict or had but a slight effect. *Id.* at 739 (citing TEX. R. APP. P.

44.2(b); *see Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *Broderick v. State*, 35 S.W.3d 67, 74 (Tex. App.–Texarkana 2000, pet. ref'd)).

## III. DISCUSSION

Appellant contends that the trial court erred in permitting, over his hearsay objection, A.N.'s testimony that Anna Lee reported the sexual assaults to her parents. Appellant argues that A.N.'s "inability to lay out time frames calls into question how long after the assault that [Anna Lee] made this statement," and thus raises a question as to whether the statement is admissible under the excited utterance hearsay exception.

Even assuming that the evidence was inadmissible, we find no harm. TEX. R. APP. P. 44.2(b). Hearsay evidence is rendered harmless by the introduction of the same or similar evidence without objection. *Mendoza v. State*, 69 S.W.3d 628, 634 (Tex. App.–Corpus Christi 2002, pet. ref'd). Here, Anna Lee—the person who made the hearsay statement at issue—testified as to both sexual assaults committed by appellant. In addition, appellant pleaded guilty and admitted both sexual assaults. We conclude that appellant has not shown how admission of the hearsay testimony, even if erroneous, affected his substantial rights. TEX. R. APP. P. 44.2(b); *see Yanez*, 187 S.W.3d at 739.

## IV. CONCLUSION

We overrule appellant's sole issue and affirm the trial court's judgment.


DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
24th day of February, 2011.