NUMBER 13-10-00318-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

RYAN PEREZ,                                                                                Appellant,

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 24th
District Court

of Victoria County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Justices
Garza, Benavides, and Vela

Memorandum Opinion by
Justice Garza

 

            Appellant, Ryan Perez,
pleaded guilty to two counts of aggravated sexual assault of a child.  See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 2010).  At a punishment hearing,
appellant pleaded “true” to an enhancement paragraph, and the trial court
sentenced him to thirty years’ imprisonment on count one, and life imprisonment
on count two.  See id. § 12.42(c)(1), (f) (Vernon Supp. 2010) (enhancing
punishment for first-degree felony to 15 to 99 years or life, and $10,000
fine). By a single issue, appellant contends the trial court erred in
overruling his hearsay objection to testimony presented at the punishment
hearing.  We affirm.

I. 
Background

A.  The State’s Evidence

            Appellant pleaded guilty
to two counts of aggravated sexual assault of a child on May 20, 2010.  At a
punishment hearing on June 3, 2010, the State presented the testimony of three
witnesses:  (1) Delma Perez, appellant’s step-mother; (2) A.N., the victim’s twelve-year-old
brother; and (3) the victim, Anna Lee Pseudonym, appellant’s half-sister, who
was seventeen years old at the time of the hearing.[1] 


            Anna Lee testified that
she has suffered from seizures since she was eight years old.  She testified
that when she was fourteen or fifteen years old, appellant gave her alcohol and
touched the inside of her vagina with his fingers.  She stated that on a more
recent occasion, in 2009, she and appellant and A.N. were watching television
when she felt a seizure coming on.  When she came out of the seizure, appellant
was touching the inside of her vagina with his fingers.  

            A.N. testified that appellant
is his half-brother.  When A.N. was four or five years old,[2]
he was watching a movie with his sister, Anna Lee, and appellant.  He testified
that Anna Lee had a seizure and appellant started touching her in her private
area.  According to A.N., Anna Lee was “kind of furious” with appellant, and
told her parents what had occurred.  A.N. testified that Anna Lee was “talking
kind of saddish and saying what [appellant] did.”  Appellant’s counsel objected
to A.N.’s testimony regarding what Anna Lee said on the basis of hearsay.  The
trial court overruled the objection.  According to A.N., appellant left the
house, and “right after” he left, Anna Lee told her parents that appellant had
“touched her again on that private area.”  

B.  Appellant’s Evidence

            Gloria Negrete, appellant’s mother,
testified that appellant was physically abused and exposed to pornographic
material by his biological father and step-mother.

            Appellant testified that,
with regard to the first incident, he and Anna Lee were drinking and he fondled
her.  He testified that, regarding the second occasion, he fondled Anna Lee and
she was “responding” to him.  According to appellant, Anna Lee did not “black
out” on either occasion.  On cross-examination, appellant testified that he
sexually assaulted three other siblings when they were young children.  

II. 
Standard of Review and Applicable Law

            A trial court's
admission or exclusion of evidence is reviewed under an abuse of discretion
standard. Yanez v. State, 187 S.W.3d 724, 738 (Tex. App.­­­­–Corpus
Christi 2006, pet. ref’d) (citing Torres v. State, 71 S.W.3d 758, 760
(Tex. Crim. App. 2002); Salazar v. State, 38 S.W.3d 141,
153-54 (Tex. Crim. App. 2001); Montgomery v. State, 810 S.W.2d 372, 379
(Tex. Crim. App. 1990) (en banc); see also Coffin v. State, 885 S.W.2d
140, 149 (Tex. Crim. App. 1994) (holding that a ruling on admissibility of an
out-of-court statement under a hearsay exception is within the trial court's
discretion, subject to review only for abuse of discretion)).  The admission of
inadmissible hearsay constitutes non-constitutional error, and it will be
considered harmless if the appellate court, after examining the record as a
whole, is reasonably assured that the error did not influence the jury verdict
or had but a slight effect. Id. at 739 (citing Tex. R. App. P. 44.2(b); see Johnson
v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); Broderick v. State,
35 S.W.3d 67, 74 (Tex. App.–Texarkana 2000, pet. ref'd)).            

III. 
Discussion

            Appellant contends
that the trial court erred in permitting, over his hearsay objection, A.N.’s
testimony that Anna Lee reported the sexual assaults to her parents.  Appellant
argues that A.N.’s “inability to lay out time frames calls into question how
long after the assault that [Anna Lee] made this statement,” and thus raises a
question as to  whether the statement is admissible under the excited utterance
hearsay exception.  

            Even
assuming that the evidence was inadmissible, we find no harm.  Tex. R. App. P. 44.2(b).  Hearsay
evidence is rendered harmless by the introduction of the same or similar
evidence without objection.  Mendoza v. State, 69 S.W.3d 628, 634 (Tex.
App.­­­­–Corpus Christi 2002, pet. ref’d).  Here, Anna Lee—the person who made
the hearsay statement at issue—testified as to both sexual assaults committed
by appellant.  In addition, appellant pleaded guilty and admitted both sexual
assaults.  We conclude that appellant has not shown how admission of the
hearsay testimony, even if erroneous, affected his substantial rights.  Tex. R. App. P. 44.2(b); see Yanez,
187 S.W.3d at 739.   

IV. 
Conclusion

            We overrule
appellant’s sole issue and affirm the trial court’s judgment.  

 

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

24th
day of February, 2011.









[1]
See Tex. Code Crim. Proc. Ann. art.
57.02 (Vernon Supp. 2010) (providing that sexual assault victims may use
pseudonym in public files and records). 





[2]
A.N. testified that the incident occurred when he was four or five, but could
have occurred when he was six or seven.