02-11-349-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00349-CR

 

 


 
 
 Emmitt
 Starling
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From Criminal District
 Court No. 3
  
 of
 Tarrant County (1225297D)
  
 March
 7, 2013
  
 Opinion
 by Justice Meier
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Bill Meier

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00349-CR

 

 


 
 
 Emmitt Starling
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

Appellant
Emmitt Starling appeals his conviction for unlawful possession of a firearm.[2] 
In two points, Starling argues that the trial court erroneously allowed the
State to introduce in evidence two parts of a damaged shotgun and that the
evidence is insufficient to support his conviction.  We will affirm.

II.  Background

Marissa
Martinez was sleeping on December 29, 2010, at roughly 11:30 p.m. when the
sound of gunfire woke her.  According to Martinez, when she went to investigate
by looking out her bedroom window, she saw Starling—an ex-lover whose advances
she had rejected earlier that evening—outside, hitting her car with a long
firearm.  Martinez witnessed Starling break the gun’s stock against her car. 
The broken stock then kept falling off the firearm as Starling continued to try
to put it back together.  Martinez asserts that Starling appeared to be
intoxicated and was drinking from a Hennessy bottle.  Martinez called 9-1-1. 
At some time during the event, Starling then made his way to Martinez’s
apartment and pointed the gun toward her face.  Shortly after her 9-1-1 call,
police arrived and took Starling into custody.  Ultimately, the State charged
Starling with unlawful possession of a firearm by a felon.

At
trial, Martinez identified two pieces of evidence, State’s Exhibits 16B and
16C.  State’s Exhibit 16B was the remaining majority of a .410 gauge shotgun
with duct tape on its trigger, and State’s Exhibit 16C was the butt of a
shotgun.  Martinez identified the gun pieces as being the firearm that Starling
brandished and beat against her car on the evening in question.  Martinez identified
the gun as being broken in the exact same manner as she had witnessed, she
identified the duct tape on the gun’s trigger, and she averred that there was
no doubt in her mind that it was the same gun Starling had that night.

Fort
Worth Police Officer Cody Vistine, who responded to the “shots fired” 9-1-1
call, testified that when he arrived at Martinez’s apartment, other officers
had already taken Starling into custody.  By Vistine’s account, Starling was
apprehended less than 150 feet from Martinez’s apartment.  Vistine averred that
Starling appeared intoxicated.

Fort
Worth Police Officer Brent Mills testified that he also saw Starling being
arrested when he arrived at Martinez’s apartment.  Mills stated that because he
was responding to a dispatch regarding a firearm, he immediately searched the
area for one.  Mills said that he found pieces of a firearm in some bushes at
the base of the staircase of Martinez’s apartment where other officers had
apprehended Starling.  Additionally, Mills found a bottle of Hennessy and the
firearm’s broken stock in the same area.  Mills also identified State’s
Exhibits 16B and 16C as the same firearm pieces he found.

Fort
Worth Police Officer Jose Palomares also testified.  According to Palomares,
State’s Exhibit 16A was a box containing the pieces of the firearm that were
later admitted as State’s Exhibits 16B and 16C.  Consistent with other
testimony, Palomares said the items were found in the bushes near Martinez’s
apartment.  He testified that he had secured and boxed the items at the scene. 
Palomares averred that the pieces introduced at trial were in the same
condition in which he found them the night of Starling’s arrest.  Palomares
identified the firearm as a .410 gauge shotgun, and he also identified an expended
.410 gauge shell casing found at the scene.  Fort Worth Police Detective A. L.
Martino testified that State’s Exhibit 16B was a functioning firearm, capable
of firing, even though the stock was broken.

A
jury found Starling guilty and assessed punishment at thirty-five years’
confinement.  The trial court entered judgment accordingly and this appeal
followed.

III.  Discussion

A.      State’s
Exhibits 16B and 16C

In
his first point, Starling argues that the trial court erred by allowing the
State to introduce in evidence State’s Exhibits 16B and 16C.  Specifically,
Starling argues that the State failed to “lay a proper foundation by showing
chain of custody” for these items.  We disagree that the trial court abused its
discretion by admitting the evidence.

An
abuse of discretion standard is used when reviewing a trial court’s decision to
admit evidence. Smith v. State, 683 S.W.2d 393, 404 (Tex. Crim. App.
1984).  A trial court does not abuse its discretion by admitting evidence when
it believes that a reasonable juror could find that the evidence has been
authenticated or identified.  Peña v. State, 864 S.W.2d 147, 152 (Tex.
App.—Waco 1993, no pet.); Coleman v. State, 833 S.W.2d 286, 289 (Tex.
App.—Houston [14th Dist.] 1992, pet. ref’d).

Texas
Rule of Evidence 901 requires the authentication or identification of evidence
to establish that the matter in question is what the proponent claims it to be.
 Tex. R. Evid. 901.  In providing the proof necessary to comply with Rule 901,
the proponent of the item of evidence must present differing types of evidence
depending on the nature of the item.  Articles that are easily identifiable and
are substantially unchanged normally do not require the introduction of a chain
of custody.  See Outland v. State, 810 S.W.2d 474, 475 (Tex. App.—Fort
Worth 1991, pet. ref’d) (pistol seized from defendant’s automobile and
identified by officer together with no evidence of tampering was sufficient
even though pistol not tagged when seized).  If the item has distinct or unique
characteristics, a witness may authenticate it by testifying that he or she has
previously seen the item at the relevant time and place and that the witness
recognizes it by its distinctive characteristics.  See Mendoza v. State,
69 S.W.3d 628, 631 (Tex. App.—Corpus Christi 2002, pet. ref’d).

Here,
both challenged pieces of evidence introduced by the State possessed a unique
and distinct characteristic.   As Martinez testified, she had seen the pieces
of the shotgun “[t]he night [Starling] came to my house.”  By Martinez’s
account, she viewed the gun numerous times, including when Starling brandished
it outside her window, when he beat it against her car, when he attempted to
repair it after having broken it into pieces, and when he held it toward her
face inside her apartment.  Martinez identified the shotgun pieces by the
unique characteristic that they were the exact broken pieces of the shotgun
Starling had caused by beating it against her car and stated that the shotgun’s
handle still possessed the distinctive duct tape on its trigger.  Given its
unique and distinctive qualities, Martinez testified that she had no doubt the
proffered pieces of evidence were pieces of the gun that Starling brandished
the night he was arrested.  See Mendoza, 69 S.W.3d at 631.

Furthermore,
multiple officers identified the pieces of the shotgun as being the same ones
found at the scene of Starling’s arrest.  And the officer who collected,
secured, and packaged the pieces of the gun the night of the arrest testified
that the pieces were in the same condition in which he found and secured them. 
See id.  We hold that the trial court did not abuse its discretion by
admitting the shotgun and the gun’s butt in evidence.  See Gardner v. State,
306 S.W.3d 274, 293 (Tex. Crim. App. 2009) (holding that despite absence of
chain-of-custody testimony, a red robe was sufficiently authenticated in murder
prosecution as the robe victim was wearing when paramedics arrived to treat her
gunshot wound to the head, where paramedic testified that she recognized robe
from the distinctive jagged marks she made around the front zipper with her
trauma shears, as well as from the blood stains near the neck area).   We overrule
Starling’s first point.

B.      Sufficiency
of Evidence that Starling Possessed a Firearm

In
his second point, Starling argues that the evidence is insufficient to prove
that he possessed a firearm.  We disagree.  In our due-process review of the
sufficiency of the evidence to support a conviction, we view all of the
evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Wise v. State, 364 S.W.3d 900, 903 (Tex.
Crim. App. 2012).

To
prove unlawful possession of a firearm by a felon, the State is required to
prove that the person (1) possessed a firearm (2) “after conviction
and before the fifth anniversary of the person’s release from confinement
following conviction of the felony or the person’s release from supervision
under community supervision, parole, or mandatory supervision, whichever date
is later.”  Tex. Penal Code Ann. § 46.04(a)(1).  Starling only contests whether
sufficient evidence existed that he possessed the firearm introduced in
evidence at trial.

The
penal code defines possession as “actual care, custody, control, or
management.”  Id. § 1.07(a)(39) (West Supp. 2012).  A person
commits a possession offense only if he voluntarily possesses the prohibited
item.  Id. § 6.01(a) (West 2011).  Possession is voluntary if the
possessor knowingly obtains or receives the thing possessed or is aware of his
control of the thing for a sufficient time to permit him to terminate his
control.  Id. § 6.01(b).

Moreover,
even if the firearm is not found on the defendant’s person or is not seen in
the defendant’s exclusive care, custody, control, or management, the State can still
prove possession by offering additional, independent facts and circumstances
that link the defendant to the firearm.  Bates v. State, 155 S.W.3d 212,
216–17 (Tex. App.—Dallas 2004, no pet.); see Villarreal v. State, Nos.
02-07-00329-CR, 02-07-00330-CR, 2009 WL 671042, at *1 (Tex. App.—Fort Worth
Mar. 12, 2009, pet. ref’d) (mem. op., not designated for publication)
(“The . . . links doctrine also applies to the possession
of firearms.”).

In
this case, Martinez testified to having seen Starling brandish the gun and
smash it on her car.  She also described the gun in detail and identified it at
trial.  This evidence was sufficient that when viewing the evidence in a light
most favorable to the verdict, a rational trier of fact could have found the
essential element of possession beyond a reasonable doubt.  See Tapps v.
State, 257 S.W.3d 438, 448 (Tex. App.—Austin 2008) (op. on reh’g), aff’d,
294 S.W.3d 175 (Tex. Crim. App. 2009) (holding eye-witnesses’ testimony
purporting to have seen defendant with firearm sufficient to prove possession);
see also Hutchings v. State, 333 S.W.3d 917, 920–22 (Tex. App.—Texarkana
2011, pet. ref’d) (holding that evidence was sufficient to show that defendant
possessed a firearm when witnesses identified defendant, said they saw him with
a gun, and described the gun).  Furthermore, circumstantial evidence also linked
Starling to the shotgun.  Multiple police officers testified to having found
the shotgun matching Martinez’s description near the bottom of a stairwell
where Starling was apprehended.  There was also testimony linking together the
shotgun and a specific brand of alcohol found near the shotgun with Starling.  See
Hughes v. State, No. 01-09-00744-CR, 2011 WL 494775, at *2 (Tex.
App.—Houston [1st Dist.] Feb. 10, 2011, pet. ref’d) (mem. op., not
designated for publication) (holding that sufficient evidence supported
defendant’s conviction for unlawful possession of a firearm by a felon where
defendant’s girlfriend alerted police after defendant threatened her with a gun
and an immediate search of the area where defendant was taken into custody
revealed two guns that met the description given by defendant’s girlfriend). 
Viewing all the evidence in the light most favorable to the verdict, we
conclude and hold that a rational trier of fact could have found the essential
element of possession beyond a reasonable doubt.  See Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789.  We overrule Starling’s second point.

IV. Conclusion

Having
overruled both of Starling’s points, we affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 7, 2013









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
§ 46.04(a) (West 2011).