**Barry L. HUFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52779.**

Court of Criminal Appeals of Texas.

Panel No. 2.

Jan. 18, 1978.

John Woodard, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Sam Adamo, Asst. Dist. Attys., Houston, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for forgery. The jury found that appellant had two prior felony convictions and assessed his punishment at life.[1]

The sufficiency of the evidence is not challenged.

The record reflects that a wallet and checkbook owned by Nelson Guy Runnels were stolen on July 8, 1974. The wallet contained, among other items, a Gulf credit card and a Rice Food Market courtesy card.

On the same day appellant and two other men entered a Rice Food Market and purchased food valued at $93.77. Appellant presented Benny Nelms, an assistant manager of the store, with one of Runnels' personal checks for that amount. Appellant signed "Guy Runnels" to the instrument, and for identification purposes gave Nelms a Gulf credit card and a Rice Food Market courtesy card addressed to Guy Runnels.

At that point Nelms called another manager, named Hall, to discuss whether to accept the check. They permitted appellant to take the groceries but Hall followed him outside and returned with appellant's license plate number. Nelms then wrote the number on the back of the check.

When the forgery was discovered appellant was traced through the license plate number. He was then arrested.

Appellant contends that the trial court erred in admitting into evidence the automobile license plate number written on the back of State's Exhibit No. 1, the forged instrument, because such evidence was hearsay. He argues that the evidence was harmful because it helped identify appellant.

Hall gave appellant's license plate number (TGH 652) to Nelms. Hall did not testify.

Nelms testified that he could identify the check as the one presented to him by appellant because he wrote the license plate number and his initials on the instrument. Nelms stated that he was the only person in the store to handle the check and make notations thereon.

■ The evidence of the license plate number was not hearsay. It was not admitted for the purpose of proving the truth of the matter asserted, but rather for the purpose of describing the relevant details of the transaction which in itself was relevant and provable. The question was whether the check admitted into evidence was the one presented by appellant to Nelms, and not whether the declaration made by Hall regarding the license plate number was true. Thus, the evidence of the license plate number was properly admitted as a verbal act accompanying the provable transaction. See *Ramos v. State,* 419

---

1. This cause was dismissed because the sentence was pronounced prematurely. It is now properly before us.

S.W.2d 359 (Tex.Cr.App.1967), and authorities cited therein.

 Assuming such evidence was hearsay, its admission was harmless error beyond a reasonable doubt. In 24 Tex.Jur.2d Evidence, Section 573 (1961), it is stated that " . . . if the fact to which the hearsay admitted relates is sufficiently proved by other and competent evidence, the admission of the hearsay objected to may properly be deemed harmless."

In this case, appellant's identity was proved by a fingerprint found on the forged instrument and by Nelms' in-court identification.

 At the punishment phase of the trial, the court admitted into evidence the penitentiary papers relating to appellant's two prior felony convictions. Appellant contends the court erred in admitting this evidence because the certified copies of the judgment and sentence in each case contained a facsimile signature and, thus, were not properly signed by the county district clerk.

In *Ex parte Spencer*, 171 Tex.Cr.R. 339, 349 S.W.2d 727 (1961), we sanctioned the clerk's execution of legal documents by the use of a facsimile stamp. The contention is overruled.

No error is shown.

The judgment is affirmed.