Opinion issued August 1, 2002







 

 



In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-01-00479-CR 

 01-01-00480-CR

____________


TOMMY LEE GOUDEAU, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause Nos. 811161 & 811160






O P I N I O N

 The jury convicted appellant, Tommy Lee Goudeau, of two accounts of sexual
assault of a child. In both cases, appellant pleaded true to the enhancement allegation
of a prior conviction for sexual assault of a child, and the court assessed punishment
at two terms of life imprisonment. Appellant's life sentences were ordered to run
concurrently. Appellant brings four points of error, arguing the court erred by: (1)
allowing the State to prove that appellant's wife [Aunt Tina] pleaded guilty to her
participation in the victim's (T.R.) sexual abuse and that she was then on probation
for that offense at the time of appellant's trial; (2) allowing the State to show that
Aunt Tina pleaded guilty to failing to report child abuse; (3) allowing the State to
admit Dr. Margaret McNeese's expert testimony that T.R. suffered penile penetration
by appellant; and (4) failing to excise portions of the medical records that did not
comply with Texas Rule of Evidence 803(6). We affirm. 

Facts

 T.R., a six-year-old girl, testified that she was sexually assaulted by appellant
during Christmas of 1998 and again on Easter of 1999. (1) T.R. was then living with her
grandmother, Ms. Riles, who was absent during T.R.'s visit to appellant's house. 
T.R. testified appellant entered the room while she was sleeping on a couch and asked
her to pull her pants down. T.R. further testified that appellant put his "private part"
into her "back private part." The record shows that appellant again sexually assaulted
T.R. the following day. T.R. stated Aunt Tina walked into the room and observed
appellant sexually assaulting her. 

 Ms. Riles indicated that, while returning home from appellant's house, T.R.
was withdrawn, and "this was not ordinary behavior." Later that evening, Ms. Riles
noticed that T.R.'s bath water was irritating to T.R.'s vaginal area. Ms. Riles
inspected T.R. to determine the specific source of discomfort and found T.R.'s vagina
was "red, chafe-like, and swollen." 

 That evening, T.R. was reluctant to talk about her experience, but she said
"Uncle Tommy [appellant] did it again." Ms. Riles testified that T.R. stated appellant
had turned her "back ways" and had tried to put his "private" into her. T.R. further
explained to Ms. Riles that, "something white" came out on her and he [appellant]
wiped it off. Ms. Riles testified that T.R. looked nervous, was crying, and kept
placing her hands in her mouth. 

 Ms. Riles took T.R. to the Children's Assessment Center (CAC) for an
examination. T.R. told Dr. McNeese, the pediatrician who examined her, that she was
sexually abused by appellant. Dr. McNeese observed multiple abnormalities to T.R.'s
genital area, including exceptionally red tissue around T.R.'s vagina. She also noted
that T.R. had a disrupted anus and scarring. Even if T.R. had not referred to her
sexual- abuse incident, Dr. McNeese testified she would still have concluded that
T.R. was the victim of some "penetrating trauma to her anus." 



Discussion

Failure to Object

 Appellant, in point of error one, argues that the trial court erred in allowing the
State to show that Aunt Tina, who did not testify at appellant's trial, pleaded guilty
to her participation in the sexual abuse of T.R. and that she was then on probation for
that offense at the time of appellant's trial. In support of his argument, appellant
points to the following testimony: 

 State: Would you-can you think of any reason-let me ask
you this: Was T.R. close to your daughter Tina
[Aunt Tina]?

 Witness: Very close.

 State: She loved Tina a lot, didn't she?

 Witness: Yes, she did.

 State: And since these allegations have come out she has
not been able to-should not have been able to have
any contact with your daughter, is that correct? 

 Witness: That's what I was told, that is correct. 

 State: You know that your daughter pled guilty to failing
to report child abuse?

 Defense counsel: I object to all that as not being relevant.

 Court: Overruled.

 Defense counsel: Object as hearsay, your Honor.

 Court: Overruled. Answer the question if you know, sir. 
You may answer the question if you know the
answer.

 Defense counsel: Also object I have no confrontation rights on that
either.

 Court: Overruled.

 Witness: May I hear the question again?

 State: Sure. Do you know that your daughter pled guilty to
failing to report child abuse?

 Witness: I know my daughter was forced to plead guilty . . . . 

 State: Let me ask you this: Do you know that she pled
guilty to failing to report child abuse? That's a yes
or no.

 Witness: I can't answer that yes or no. Rephrase the question
again.

 State: Did she plead guilty to failing to report child abuse?

 Witness: You want me to answer yes or no. It was-

 State: Did she plead guilty?

 Witness: I was in court with her. I went to the court the day
that they gave her a choice in order to say yes she
was guilty. I was in the courtroom.

 State: And the choice they gave her was she could plead
not guilty and have a jury trial like we're in now or
plead guilty and be sentenced by the Court, is that
correct?

 Witness: No.

 State: Okay. Did they put a gun to her head and force she
[sic] plead guilty?

 Witness: Well, not a gun, but words. And similarity of saying
that, either/or. 

 State: Either you go to a jury trial or plead guilty, is that
correct? 

 Witness: Either/or and you're in denial. I heard that statement
from sitting where I was.

 State: Okay. And she's on probation right now for that, is
that correct?

 Witness: That's correct. 


 If, on appeal, a defendant claims the trial judge erred in admitting evidence
offered by the State, this error must have been preserved by a proper objection and
an adverse ruling on that objection. Tex. R. App. P. 33.1; Tex. R. Evid. 103(a). 
Texas law requires a party to continuously object each time inadmissible evidence is
offered. Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). In Hudson
v. State, 675 S.W.2d 507 (Tex. Crim. App. 1984), Judge McCormick stated,
"[d]espite the improper form and content of the question, it is well settled that an
error in admission of evidence is cured where the same evidence comes in elsewhere
without objection; defense counsel must object every time allegedly inadmissible
evidence is offered." Id. at 511. 

 The two exceptions to the "contemporaneous objection" set forth in Texas Rule
of Evidence 103(a) include: (1) the running objection, which requires counsel to
timely assert a continuous objection stating the specific grounds for the ruling, unless
the specific grounds were apparent from context of the objection and (2) lodging an
objection to all testimony counsel deems objectionable on a given subject at one time
outside the jury's presence. Ethington, 819 S.W.2d at 859. 

 In this case, appellant lodged several consecutive objections at trial when the
State asked its witness, "You know that your daughter [Aunt Tina] pled guilty to
failing to report child abuse?" However, appellant failed to object when the State
continued its questions regarding Aunt Tina's guilty plea. Because appellant did not
continue to object to the State's questions about Aunt Tina's guilty plea, and did not
assert either exception to the contemporaneous objection, he has waived his argument
on appeal. 

 We overrule point of error one. 



Leading Question

 In point of error two, appellant argues that the trial court erred in allowing the
State to show that Aunt Tina, who did not testify at trial, pleaded guilty to her
involvement in a sexual-abuse incident. In response, the State argues that the trial
court committed no error by overruling appellant's objection. 

 The State asked its witness, "Do you know-are you aware that Tina Goudeau
[Aunt Tina] pled guilty to [sic]." Appellant objected to this incomplete question as
leading. The trial court overruled the objection and instructed the witness to answer
the question; the witness answered, "yes, I was aware of that."

 To determine if the trial court erred in overruling appellant's objection, we
must first decide whether the question was in fact leading. A leading question is one
which instructs the witness how to answer or puts words into the witness's mouth to
be echoed back. Gab Business Serv., Inc. v. Moore, 829 S.W.2d 345, 351 (Tex.
App.--Texarkana 1992, no writ). The mere fact that a question may be answered by
a simple "yes" or "no" will not always render it an impermissibly leading question. 
Newsome v. State, 829 S.W.2d 260, 269 (Tex. App.--Dallas 1992, no pet.). 

 The incomplete question to which appellant objected neither instructs the
witness how to answer nor places words in the witness's mouth. Likewise, the fact
that the State's question may be answered by a simple "yes" or "no" does not render
it an impermissibly leading question. Accordingly, we find that the State did not lead
its witness. 

 We overrule point of error two. 

Cumulative Evidence

 Appellant argues, in point of error three, that the trial court erred in admitting
Dr. McNeese's expert testimony that T.R. suffered penile penetration by appellant. 
Dr. McNeese kept medical records of T.R.'s treatment during her examination at the
CAC. Those records, including T.R.'s statements about her sexual assault, were
entered into evidence, over defense counsel's objection. When asked about the
victim's statements contained in the record, Dr. McNeese read the following:

 Patient with history of penile penetration by Uncle Tommy. Last
episode on Easter Sunday, 1999. Patient taken to Texas Children's
Hospital, told had positive findings. To date, records have not been
located. Physical exam reveals intense hyperemia of perihymeneal sulci
with anal scar at 1 o'clock and increase of anal spasm and decreased
stellate pattern superiorly. History coupled with physical findings
suggestive anal abuse.

 Appellant argues that the phrase, "patient with history of anal penetration by
Uncle Tommy," is not a medical opinion and thus should not have been allowed as
evidence. However, even if we were to hold the trial court erred by allowing the
statement into evidence, the admission of the medical record was rendered harmless
by the introduction of the same or similar evidence without objection. Huff v. State,
560 S.W.2d 652, 653 (Tex. Crim App. 1978); see also Chamberlain v. State, 998
S.W.2d 230, 235 (Tex. Crim. App. 1999) (it is well established that questions
regarding admission of evidence are rendered moot if same evidence is elsewhere
introduced without objection). 

 On two separate occasions, both T.R. and Ms. Riles testified, without
objection, appellant sexually assaulted T.R. Dr. McNeese's medical records echoed
similar testimony previously offered by T.R. and Ms. Riles. Therefore, we find Dr.
McNeese's testimony to be cumulative and thus, appellant failed to show harm. 

 We overrule point of error three. 

Mismatching Objections

 Appellant, in point of error four, argues that the trial court erred in failing to
excise portions of the medical records that did not comply with Texas Rule of
Evidence 803(6). Appellant complains "that the State should not be allowed to place
inadmissible, incorrect hearsay into a medical record and then have it become
admissible just because it was placed within an otherwise admissible record."

 Appellant has waived his argument on appeal because his trial objection fails
to comport with his argument on appeal. Ramirez v. State, 815 S.W.2d 636, 645
(Tex. Crim. App. 1991). The relevant testimony is as follows:

 Dr. McNeese: [M]y uncle because he put his thing in me, Texas
Children's Hospital Easter '99, examined her-could
tell she was tampered with given antibiotic and
called grandmother [sic]. 

 State: The questions-and was she [T.R.] answering the
questions or was someone else there?

 Dr. McNeese: I'm assuming someone else was there with me. I
had no memory of that. It's been some time. 

 Defense counsel: I object. If they're going into something somebody
is not here [sic], is not present for cross-examination
may have stated, they can [sic] present that to the
jury as a fact. 

 Court: Overruled. 


 An objection raised on appeal will not be considered if it varies from the
objection made at trial. Santellan v. State, 939 S.W.2d 155, 171 (Tex. Crim. App.
1997); Coffey v. State, 796 S.W.2d 175, 179 (Tex. Crim. App. 1990). Apparently,
appellant objected to the above testimony at trial based on the hearsay comment of
an unidentified person. However, for the first time on appeal, appellant objected that
the trial court erred in failing to excise portions of the medical records that did not
comply with Texas Rule of Evidence 803(6). This mismatching of appellant's
objections is insufficient to preserve error. Coffey, 796 S.W.2d 179. 

 We overrule point of error four. 

Conclusion

 We affirm the trial court's judgments.


Sherry J. Radack

Justice

Panel consists of Chief Justice Schneider and Justices Nuchia and Radack. 

Do not publish. Tex. R. App. P. 47.4. 
1. The record shows that T.R. was sexually assaulted on two occasions during
Easter of 1999, while visiting appellant and Aunt Tina.