NUMBER 13-01-810-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


CLARENCE BRANCH, JR. , Appellant,



v.




THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 329th District Court

of Wharton County, Texas.

__________________________________________________________________



MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Rodriguez


 Appellant, Clarence Branch, Jr., was found guilty of murder. The trial court assessed his punishment at
fifty-five years in prison. By one issue, Branch contends the trial court erred in admitting hearsay evidence
over his objection. We affirm.

 As this is a memorandum opinion not designated for publication, and the parties are familiar with the facts,
we will not recite them here. See Tex. R. App. P. 47.4.

I. STANDARD OF REVIEW

 A trial court's ruling to admit testimony is reviewed under an abuse of discretion standard. Salazar v. State,
38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001). It is a clear abuse of discretion where the record indicates
the trial court acted without reference to any guiding principles or rules, such that its decision is arbitrary or
unreasonable. State v. Patrick, 990 S.W.2d 450, 451 (Tex. App.-Corpus Christi 1999, no pet.). 

II. ANALYSIS

 By his sole issue, Branch contends the trial court erred in denying his objection to Officer Coleman's
testimony. 

 Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or
hearing, offered in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). It is well
established that when the hearsay evidence relates to facts that are sufficiently proved by other and competent
evidence, the admission of the hearsay evidence objected to is harmless error beyond a reasonable doubt. See,
e.g., Huff v. State, 560 S.W.2d 652, 654 (Tex. Crim. App. 1978); Mendoza v. State, 69 S.W.3d 628, 633
(Tex. App.-Corpus Christi 2002, pet. ref'd). Assuming, without deciding, that Officer Coleman's testimony
was inadmissible hearsay, error, if any, was harmless. In this instance, Officer Coleman testified to what a
witness, Stephanie Caesar, told him at the police station. However, Caesar personally testified to each fact
established by Officer Coleman's testimony. Branch did not object to Caesar's testimony. Thus, we find any
error in admitting Officer Coleman's testimony harmless. See Huff, 560 S.W.2d at 654; Mendoza, 69 S.W.3d
at 633. Appellant's sole issue is overruled.

 Accordingly, we affirm the judgment of the trial court. 

NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 12th day of June, 2003.