In the matter of D.G.G.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-336-CV

IN THE MATTER OF D.G.G. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.
 
Introduction

The trial court adjudicated D.G.G. delinquent for burglarizing a vehicle and fleeing from an officer.  It ordered him committed to the Texas Youth Commission for an indeterminate period not to exceed his twenty-first birthday. In his first point on appeal, D.G.G. complains that the court erred in admitting hearsay identification testimony in violation of his Sixth Amendment right to confrontation.  In his second point, he challenges the factual sufficiency of the evidence underlying his conviction because the victim’s testimony contradicts a written statement that he gave to the police.  Since we find no Sixth Amendment issue and no contradiction between the victim’s written statement and testimony, we affirm.  

II. Background Facts

D.G.G. was charged with burglary of a vehicle.
(footnote: 2)  The vehicle was owned by Willie Jackson, a certified peace officer.  Officer Jackson testified that he saw a boy in the trunk of his car with a bunch of clothes in his hands.  When he asked the boy his name, the boy replied “David.”
(footnote: 3)  “David” is D.G.G.’s first name.  When Officer Jackson told the boy that he was a police officer the boy dropped the clothes and ran away.  Officer Jackson reported this incident to the police and gave a written statement. 

At a bench trial, Officer Jackson identified D.G.G. as the boy whom he saw in the trunk of his car.  He was also allowed to testify over objection, first, that he was present when his neighbor identified D.G.G. and later, that she identified two suspects as being in his car; one being a boy named “Solomon” and the other being D.G.G.  The trial court judge adjudicated D.G.G. delinquent for the offense of burglary of a vehicle as well as for fleeing from an officer and committed him to the Texas Youth Commission for an indeterminate period not to exceed his twenty-first birthday.  D.G.G. now appeals.  

III. Confrontation Clause
 
and Hearsay

In his first point, D.G.G. argues that the trial court violated his Confrontation Clause rights by admitting hearsay statements by Officer Jackson’s that his neighbor identified D.G.G. as being in the trunk of Officer Jackson’s car.  

We review de novo the issue of whether the trial court admitted the neighbor’s out-of-court statement in violation of the D.G.G.'s Confrontation Clause rights.  
See Lilly v. Virginia
, 527 U.S. 116, 137, 119 S. Ct. 1887, 1900 (1999) (holding that “when deciding whether the admission of a declarant's out-of-court statements violates the Confrontation Clause, courts should independently review whether the government's proffered guarantees of trustworthiness satisfy the demands of the Clause”).  Our review of Confrontation Clause issues is governed by the recent Supreme Court case 
Crawford v. Washington
, 541 U.S. 36, 124 S. Ct. 1354 (2004).  Under 
Crawford
, the threshold question is whether the neighbor’s statement is testimonial or non-testimonial.  
See Woods v. State
, 152 S.W.3d 105, 113 (Tex. Crim. App. 2004).  Though, the Supreme Court declined to provide a complete definition of “testimonial,” it did state that the term “applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations.”  
Crawford,
 541 U.S. at 68, 124 S. Ct. at 1374.  The Supreme Court held that “[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation.”  
Id
.  The Court also noted that “[w]here nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to . . . [exempt] such statements from Confrontation Clause scrutiny altogether.”  
Id
.  

Here, the neighbor’s statement does not fall in the “testimonial” category.  The fact that Officer Jackson is a police officer does not, without more, make the conversation between him and his neighbor akin to a police interrogation.  The record is silent as to whether Officer Jackson was acting in his capacity as a police officer when he talked to the neighbor or whether he was acting merely as the victim of a crime.  Nothing in the record indicates who initiated the conversations, the circumstances surrounding the conversation, or any other information showing that the neighbor’s statement was made in response to question from an officer acting under color of police authority.  
Compare
 
Wilson v. State
, 151 S.W.3d 694, 697-98 (Tex. App.—Fort Worth 2004, pet. filed) (finding that admission of non-testifying witness's self-initiated statements to police officers in response to unstructured questions posed to witness in the context of answering her questions about her stolen car and determining why she was upset did not violate 
Crawford
).  Finally, the statement was not made in a formalized setting analogous to any of the situations described in 
Crawford
 as producing testimonial statements. 
 See Crawford, 
541 U.S. at 69, 124 S. Ct. at 1374; 
Wilson, 
151 S.W.3d at 698.  Therefore, we conclude that the neighbor’s statement was nontestimonial and exempt from Confrontation Clause scrutiny.  

D.G.G.’s first point also complains that the trial court erred in admitting this evidence over his hearsay objection because D.G.G. did not “open the door” to the neighbor’s hearsay testimony by questioning Officer Jackson about the neighbor’s statement.  However, even if the trial court erred it was harmless.  

In reviewing this non-constitutional aspect of D.G.G.’s first point, we analyze it under Rule 44.2(b) and disregard the error, if any, unless it affected D.G.G.'s substantial rights.  
See
 Tex. R. App. P
. 44.2(b);
 Armstead v. State,
 977 S.W.2d 791, 798 (Tex. App.—Fort Worth 1998, pet. ref'd)
.  A substantial right is affected when the error had a substantial and injurious effect or influence on the verdict. 
 King v. State,
 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing 
Kotteakos v. United States,
 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); 
Coggeshall v. State,
 961 S.W.2d 639, 643 (Tex. App.—Fort Worth 1998, pet. ref'd) (en banc).  In making this determination, we review the record as a whole. 
 Kotteakos,
 328 U.S. at 764-65, 66 S. Ct. at 1248.  

After examining the record as a whole, we conclude that the error, if any, in question did not have a substantial and injurious effect or influence in determining the verdict.  The neighbor’s statement was used to identify D.G.G. as a person who burglarized Officer Jackson’s car.  But, this information was established by other evidence as well.  First, Officer Jackson’s written statement to the police identified the boy who burglarized his car as having the same first name as D.G.G.  Then he identified D.G.G. in a photo spread for the police.  Finally, he made an in-court identification of D.G.G. during trial.  Further, D.G.G. testified that “Solomon” had told police that D.G.G. was involved in the burglary of Officer Jackson’s car.  Since there was a considerable amount of other evidence from which the identification of D.G.G. could have been established, any error in admitting the neighbor’s statement was harmless.  
See Huff v. State
, 560 S.W.2d 652, 654 (Tex. Crim. App. 1978) (noting that hearsay may properly be deemed harmless if the fact to which the hearsay relates is sufficiently proved by other and competent evidence).  Thus, we overrule D.G.G.’s first point.  

IV. Factual Sufficiency

In his second point, D.G.G. complains that the evidence introduced to support the burglary of a vehicle charge was factually insufficient to support the trial court’s judgment.  We do not agree.  

We apply the criminal factual sufficiency standard of review to appeals from juvenile adjudications.  
See In re L.A.S.
, 135 S.W.3d 909, 914 (Tex. App.—Fort Worth 2004, no pet.).  In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. 

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

D.G.G. argues that a rational tier of fact must seriously question the credibility of Officer Jackson because his testimony and his written statement are contradictory.  However, that is simply not the case.  Officer Jackson’s testimony merely adds to his written statement.  The written statement says that he saw a boy in the trunk of his car and that that boy identified himself by D.G.G.’s first  name.  It further states that when he told the boy he was a police officer the boy ran away.  At trial, Officer Jackson added that the boy had clothes from the car’s trunk in his hands and that he dropped them before he ran.  Though appellant argues these statements are contradictory, we believe a rational trier of fact could easily find that these statements were not contradictory.  Moreover, the fact-finder is the exclusive judge of the facts and is entitled to judge the credibility of the witnesses and may choose to believe all, some, or none of a witness’s testimony. 
 Chambers v. State,
 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  We hold the evidence to be factually sufficient to support the trial court’s adjudication of delinquency.  Therefore, we overrule D.G.G.’s second point.  

V. Conclusion

Having overruled both of D.G.G.’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

LIVINGSTON, J. concurs without opinion.

DELIVERED:  August 4, 2005

  

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
He was also charged with three counts of fleeing from an officer.  He pleaded “True” to all three counts.  

3:
The names of all minors in this case have been changed.