COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-336-CV
 
 
  
IN 
THE MATTER OF D.G.G.
 
 
  
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        The 
trial court adjudicated D.G.G. delinquent for burglarizing a vehicle and fleeing 
from an officer. It ordered him committed to the Texas Youth Commission for an 
indeterminate period not to exceed his twenty-first birthday. In his first point 
on appeal, D.G.G. complains that the court erred in admitting hearsay 
identification testimony in violation of his Sixth Amendment right to 
confrontation. In his second point, he challenges the factual sufficiency of the 
evidence underlying his conviction because the victim’s testimony contradicts 
a written statement that he gave to the police. Since we find no Sixth Amendment 
issue and no contradiction between the victim’s written statement and 
testimony, we affirm.
II. Background Facts
        D.G.G. 
was charged with burglary of a vehicle.[2]  The 
vehicle was owned by Willie Jackson, a certified peace officer.  Officer 
Jackson testified that he saw a boy in the trunk of his car with a bunch of 
clothes in his hands.  When he asked the boy his name, the boy replied 
“David.”[3]   “David” is D.G.G.’s first 
name.  When Officer Jackson told the boy that he was a police officer the 
boy dropped the clothes and ran away. Officer Jackson reported this incident to 
the police and gave a written statement.
        At 
a bench trial, Officer Jackson identified D.G.G. as the boy whom he saw in the 
trunk of his car.  He was also allowed to testify over objection, first, 
that he was present when his neighbor identified D.G.G. and later, that she 
identified two suspects as being in his car; one being a boy named “Solomon” 
and the other being D.G.G.  The trial court judge adjudicated D.G.G. 
delinquent for the offense of burglary of a vehicle as well as for fleeing from 
an officer and committed him to the Texas Youth Commission for an indeterminate 
period not to exceed his twenty-first birthday.  D.G.G. now appeals.
III. Confrontation Clause and Hearsay
        In 
his first point, D.G.G. argues that the trial court violated his Confrontation 
Clause rights by admitting hearsay statements by Officer Jackson’s that his 
neighbor identified D.G.G. as being in the trunk of Officer Jackson’s car.
        We 
review de novo the issue of whether the trial court admitted the neighbor’s 
out-of-court statement in violation of the D.G.G.'s Confrontation Clause rights. 
See Lilly v. Virginia, 527 U.S. 116, 137, 119 S. Ct. 1887, 1900 (1999) 
(holding that “when deciding whether the admission of a declarant's 
out-of-court statements violates the Confrontation Clause, courts should 
independently review whether the government's proffered guarantees of 
trustworthiness satisfy the demands of the Clause”). Our review of 
Confrontation Clause issues is governed by the recent Supreme Court case Crawford 
v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004). Under Crawford, 
the threshold question is whether the neighbor’s statement is testimonial or 
non-testimonial. See Woods v. State, 152 S.W.3d 105, 113 (Tex. Crim. App. 
2004). Though, the Supreme Court declined to provide a complete definition of 
“testimonial,” it did state that the term “applies at a minimum to prior 
testimony at a preliminary hearing, before a grand jury, or at a former trial; 
and to police interrogations.” Crawford, 541 U.S. at 68, 124 S. Ct. at 
1374. The Supreme Court held that “[w]here testimonial statements are at 
issue, the only indicium of reliability sufficient to satisfy constitutional 
demands is the one the Constitution actually prescribes: confrontation.” Id. 
The Court also noted that “[w]here nontestimonial hearsay is at issue, it is 
wholly consistent with the Framers' design to . . . [exempt] such statements 
from Confrontation Clause scrutiny altogether.”  Id.
        Here, 
the neighbor’s statement does not fall in the “testimonial” category. The 
fact that Officer Jackson is a police officer does not, without more, make the 
conversation between him and his neighbor akin to a police interrogation. The 
record is silent as to whether Officer Jackson was acting in his capacity as a 
police officer when he talked to the neighbor or whether he was acting merely as 
the victim of a crime.  Nothing in the record indicates who initiated the 
conversations, the circumstances surrounding the conversation, or any other 
information showing that the neighbor’s statement was made in response to 
question from an officer acting under color of police authority. Compare Wilson 
v. State, 151 S.W.3d 694, 697-98 (Tex. App.—Fort Worth 2004, pet. filed) 
(finding that admission of non-testifying witness's self-initiated statements to 
police officers in response to unstructured questions posed to witness in the 
context of answering her questions about her stolen car and determining why she 
was upset did not violate Crawford). Finally, the statement was not made 
in a formalized setting analogous to any of the situations described in Crawford 
as producing testimonial statements.  See Crawford, 541 U.S. at 69, 
124 S. Ct. at 1374; Wilson, 151 S.W.3d at 698.  Therefore, we 
conclude that the neighbor’s statement was nontestimonial and exempt from 
Confrontation Clause scrutiny.
        D.G.G.’s 
first point also complains that the trial court erred in admitting this evidence 
over his hearsay objection because D.G.G. did not “open the door” to the 
neighbor’s hearsay testimony by questioning Officer Jackson about the 
neighbor’s statement.  However, even if the trial court erred it was 
harmless.
        In 
reviewing this non-constitutional aspect of D.G.G.’s first point, we analyze 
it under Rule 44.2(b) and disregard the error, if any, unless it affected 
D.G.G.'s substantial rights.  See Tex. R. App. P. 44.2(b); Armstead v. 
State, 977 S.W.2d 791, 798 (Tex. App.—Fort Worth 1998, pet. ref'd).  
A substantial right is affected when the error had a substantial and injurious 
effect or influence on the verdict.  King v. State, 953 S.W.2d 266, 
271 (Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S. 
750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall v. State, 961 S.W.2d 
639, 643 (Tex. App.—Fort Worth 1998, pet. ref'd) (en banc). In making this 
determination, we review the record as a whole. Kotteakos, 328 U.S. at 
764-65, 66 S. Ct. at 1248.
        After 
examining the record as a whole, we conclude that the error, if any, in question 
did not have a substantial and injurious effect or influence in determining the 
verdict. The neighbor’s statement was used to identify D.G.G. as a person who 
burglarized Officer Jackson’s car. But, this information was established by 
other evidence as well. First, Officer Jackson’s written statement to the 
police identified the boy who burglarized his car as having the same first name 
as D.G.G.  Then he identified D.G.G. in a photo spread for the 
police.  Finally, he made an in-court identification of D.G.G. during 
trial.  Further, D.G.G. testified that “Solomon” had told police that 
D.G.G. was involved in the burglary of Officer Jackson’s car.  Since 
there was a considerable amount of other evidence from which the identification 
of D.G.G. could have been established, any error in admitting the neighbor’s 
statement was harmless.  See Huff v. State, 560 S.W.2d 652, 654 
(Tex. Crim. App. 1978) (noting that hearsay may properly be deemed harmless if 
the fact to which the hearsay relates is sufficiently proved by other and 
competent evidence).  Thus, we overrule D.G.G.’s first point.
IV. Factual Sufficiency
        In 
his second point, D.G.G. complains that the evidence introduced to support the 
burglary of a vehicle charge was factually insufficient to support the trial 
court’s judgment.  We do not agree.
        We 
apply the criminal factual sufficiency standard of review to appeals from 
juvenile adjudications. See In re L.A.S., 135 S.W.3d 909, 914 (Tex. 
App.—Fort Worth 2004, no pet.).  In reviewing the factual sufficiency of 
the evidence to support a conviction, we are to view all the evidence in a 
neutral light, favoring neither party. See Zuniga v. State, 144 S.W.3d 
477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a 
factual sufficiency review is whether, considering the evidence in a neutral 
light, the fact finder was rationally justified in finding guilt beyond a 
reasonable doubt.  Id. at 484.  There are two ways evidence may 
be factually insufficient: (1) the evidence supporting the verdict or judgment, 
considered by itself, is too weak to support the finding of guilt beyond a 
reasonable doubt; or (2) when there is evidence both supporting and 
contradicting the verdict or judgment, weighing all of the evidence, the 
contrary evidence is so strong that guilt cannot be proven beyond a reasonable 
doubt.  Id. at 484-85. “This standard acknowledges that evidence 
of guilt can ‘preponderate’ in favor of conviction but still be insufficient 
to prove the elements of the crime beyond a reasonable doubt.” Id. at 
485. In other words, evidence supporting a guilty finding can outweigh the 
contrary proof but still be insufficient to prove the elements of an offense 
beyond a reasonable doubt. Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses. Id. at 481; Cain v. State, 958 S.W.2d 
404, 407 (Tex. Crim. App. 1997). We may not substitute our judgment for that of 
the fact finder’s. Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the evidence. Id. 
at 484, 486-87. An opinion addressing factual sufficiency must include a 
discussion of the most important and relevant evidence that supports the 
appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 
(Tex. Crim. App. 2003).
        D.G.G. 
argues that a rational tier of fact must seriously question the credibility of 
Officer Jackson because his testimony and his written statement are 
contradictory. However, that is simply not the case. Officer Jackson’s 
testimony merely adds to his written statement. The written statement says that 
he saw a boy in the trunk of his car and that that boy identified himself by 
D.G.G.’s first name. It further states that when he told the boy he was a 
police officer the boy ran away. At trial, Officer Jackson added that the boy 
had clothes from the car’s trunk in his hands and that he dropped them before 
he ran. Though appellant argues these statements are contradictory, we believe a 
rational trier of fact could easily find that these statements were not 
contradictory. Moreover, the fact-finder is the exclusive judge of the facts and 
is entitled to judge the credibility of the witnesses and may choose to believe 
all, some, or none of a witness’s testimony. Chambers v. State, 805 
S.W.2d 459, 461 (Tex. Crim. App. 1991). We hold the evidence to be factually 
sufficient to support the trial court’s adjudication of delinquency. 
Therefore, we overrule D.G.G.’s second point.
V. Conclusion
        Having 
overruled both of D.G.G.’s points, we affirm the trial court’s judgment.
   
  
                                                          PER 
CURIAM
 
 
 
PANEL 
F:   MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.
 
LIVINGSTON, 
J. concurs without opinion.
 
DELIVERED: 
August 4, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
He was also charged with three counts of fleeing from an officer.  He 
pleaded “True” to all three counts.
3.  
The names of all minors in this case have been changed.