NUMBER
13-04-172-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

LEROY CHAVEZ,                                                     Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 148th District Court

                           of Nueces County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, Leroy
Chavez, appeals his conviction of indecency with a child.  See Tex.
Pen. Code Ann. ' 21.11 (Vernon
Supp. 2004-05).  A jury found appellant
guilty,  and the trial court assessed
punishment at twenty years in the Institutional Division of the Texas
Department of Criminal Justice.  The
trial court has certified that this case Ais not a plea bargain case, and the defendant has
the right of appeal.@  See Tex. R. App. P. 25.2(a)(2).  By three issues, appellant argues that the
trial court erred in (1) allowing the prosecution to comment on his post-arrest
silence and his failure to testify, (2) denying him due process when it allowed
the prosecution to present hearsay testimony in violation of his Sixth
Amendment right to confront his accuser, and (3) denying him due process when
it allowed the prosecution to present irrelevant extraneous offense
evidence.  We affirm.

I.  Background

As this is a
memorandum opinion and because all issues of law presented by this case are
well settled and the parties are familiar with the facts, we will not recite
the law and the facts in this memorandum opinion except as necessary to advise
the parties of the Court=s decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

II.  Analysis

A.  Failure To Testify

By his first
issue, appellant alleges that the trial court denied him due process by
allowing the prosecution to comment on his post-arrest silence and his failure
to testify.  See  U.S. Const.
amend. VI; Tex. Const. art I, ' 10; Tex.
Code Crim. Proc. Ann. art. 38.08 (Vernon Supp. 2004-05).








In order for the State=s
comment to violate this right, "the language must be looked to from the
standpoint of the jury and the implication that the language used had reference
to such failure to testify must be a necessary one."  Swallow v. State, 829 S.W.2d 223, 225
(Tex. Crim. App. 1992) (en banc) (quoting Koller v. State, 518 S.W.2d
373, 375 (Tex. Crim. App. 1975)). 
"Language that can reasonably be construed to refer to a failure to
present evidence other than from the defendant=s own
testimony does not amount to comment on failure to testify."  Id.  "It is not sufficient that the language
might be construed as an implied or indirect allusion thereto."  Id. (quoting Koller, 518 S.W.2d
at 375).

In the present case, during closing arguments, the
following statements were made by the State: 


The State:                  The
thing I want you guys to focus on is the story is not contradicted.  She [the victim] has been consistent.  This story if you look at all the  witnesses B

 

Defense Counsel:     Your
Honor, I=m going to object at this point, Counsel [is] making
the comment it=s uncontradicted. 
That=s a comment on my client not testifying.

 

The State:                  It=s not, Your Honor.

 

Defense Counsel:     I
ask for a mistrial. 

 

Court:              Overruled.  This is a closing.  Mistrial denied.

 








We conclude the above statements, viewed in full
context, cannot reasonably be construed as a reference to appellant=s failure to testify.  See id. 
Viewed from the jury=s perspective, the above statements are not
manifestly intended to be a comment on the accused=s failure to testify but rather highlight the
consistency of the victim=s story.  See
id.  The trial court did not abuse
its discretion when it overruled appellant=s objection and motion for new trial.  See Wead v. State, 129 S.W.3d 126, 129
(Tex. Crim. App. 2004) (providing that appellate review of trial court=s denial of motion for mistrial is abuse of
discretion).  Thus, appellant=s first point of error is overruled. 

B. 
Confrontation Issues

I.  Sixth
Amendment Right to Confront

By his second point of error, appellant first
contends that the trial court denied him due process when it allowed the
prosecution to present hearsay testimony in violation of his Sixth Amendment
right to confront accusers.  See  U.S. Const.
amend. VI.  However, as a
prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made to the trial court by a timely request,
objection, or motion.  See Tex. R. App. P. 33.1(a)(1)(A).  The complaint must have stated the grounds
for the ruling that the complaining party sought from the trial court, with
sufficient specificity to make the trial court aware of the complaint, unless
the specific grounds were apparent from the context.  Id. 
In this case, appellant failed to object on the basis that his Sixth
Amendment right to confront was violated, thus, he has waived this argument on
appeal.  See Wright v. State, 28
S.W.3d 526, 536 (Tex. Crim. App. 2000) (concluding constitutional issues can be
waived).

2.  Hearsay
Objection to Admission of Videotape[1]








Appellant next contends by his second point of error
that the trial court erred in admitting the videotape of the victim's testimony
as it amounted to inadmissible hearsay.

We review a trial court=s ruling to admit testimony under an abuse of discretion
standard.  City of Brownsville v.
Alvarado, 897 S.W.2d 750, 753 (Tex. 1995); Horner v. State, 129
S.W.3d 210, 216 (Tex. App.BCorpus Christi 2004, pet. ref=d).  A court
will not reverse a trial court=s ruling if it is within the Azone of reasonable disagreement.@  Horner,
129 S.W.3d at 216.

Hearsay is defined as Aa
statement, other than one made by the declarant while testifying at the trial
or hearing, offered in evidence to prove the truth of the matter
asserted."  Tex. R. Evid. 801(d). 
Article 38.072 of the Texas Code of Criminal Procedure provides an
exception to the hearsay rule for statements of child abuse victims if, among
other things, the child will testify or be available to testify.  See Tex.
Code Crim. Proc. Ann. art. 38.072 (Vernon 2005).

Appellant acknowledges that because the victim in
this case did testify at trial, the procedural requirement set out in article
38.072(b)(3) was met.  See id. at
art. 38.072(b)(3).  However, appellant
contends that because the State failed to satisfy one or more of the other required
procedural statutory conditions, the trial court erred in admitting the
videotape.[2]








The record in this case reveals, however, that the
State provided appellant with the notice called for in section 2(b)(1) of
article 38.072, including a written summary of the child victim's outcry
statement to forensic interviewer, Ricardo Jimenez.  The trial court addressed the admissibility
of the outcry statement during appellant's pretrial motion-in-limine
hearing.  At the hearing, the State
played the tape for the trial court, and the trial court found that Jimenez was
the proper outcry witness.  As for the
required reliability findings of the trial court, these need not be written and
are implied by the trial court's ruling that the videotape was admissible.  See Villalon v. State, 791 S.W.2d 130,
136 (Tex. Crim. App. 1990) (en banc). 
Accordingly, we conclude the State satisfied the procedural requirements
of article 38.072.  We further  conclude the trial court did not abuse its
discretion in admitting the victim's videotaped testimony.  See City of Brownsville, 897 S.W.2d at
753; Horner, 129 S.W.3d at 216. 
Appellant=s second point of error is overrruled.








C.  Extraneous
Offense Evidence

By his third point of error, appellant contends the
trial court denied him due process when it allowed the prosecution to present
allegedly irrelevant extraneous offense evidence.  Appellant contends the court abused its
discretion when it admitted evidence of an illegal sexual relationship between
appellant and the victim=s fourteen-year-old sister; however, appellant=s argument does not contain record cites regarding
the extraneous offense evidence to which he refers.  The reviewing court has no duty to search the
record to find reversible error.  See
Torres v. State, 979 S.W.2d 668, 671 (Tex. App.BSan Antonio 1998, no pet.).  "The brief must contain a clear and
concise argument for the contentions made, with appropriate citations to
authorities and to the record."  Tex. R. App. R. 38.1 (h).  Accordingly, we conclude that appellant=s last point of error is waived due to inadequate
briefing.

III. 
CONCLUSION

Accordingly, the judgment of the trial court is
affirmed.    

                                                                                    

NELDA V. RODRIGUEZ

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and 

filed this 18th day of August, 2005.

 











[1]Appellant also generally complains
that "on repeated occasions, the State was allowed to have its witnesses
relate what it was that the victim had allegedly declared outside the
courtroom.  These statements were all
made over the appellant's timely, overruled, hearsay objections."  More specifically, at trial appellant
objected to the victim=s mother testifying that the victim
told her that defendant touched her breast and to the victim's counselor=s testimony that the victim said
she was assaulted at the hospital. 
However, even assuming that these statements were inadmissible, we
conclude that error, if any, in admitting the statements was harmless because
the victim and the outcry witness later testified to the same facts.  See Brooks v. State, 990 S.W.2d
278, 287 (Tex. Crim. App. 1999) (en banc); Huff v. State, 560 S.W.2d
652, 654 (Tex. Crim. App. 1978); see also Tex. R. App. P. 44.2.





[2] 
The procedural conditions of article 38.072(b) about which appellant
complains include the following:

 

(1) on or before the 14th day
before the date the proceeding begins, the party intending to offer the
statement:

 

(A) notifies the adverse party of
its intention to do so:

 

(B) provides the adverse party with
the name of the witness through whom it intends to offer the statement; and

 

(c) provides the adverse party with
a written summary of the statement;

 

(2) The trial court finds, in a
hearing conducted outside the presence of the jury, that the statement is
reliable based on the time, content, and circumstances of the statement; and

 

(3) the child testifies or is
available to testify at the proceeding in court or in any other manner provided
by law.

 

Tex. Code
Crim. Proc. Ann. art.
38.072(b)(1)-(3) (Vernon 2005).