NUMBER 13-04-588-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

DARIO JACOEL,                                                                    Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 319th District
Court of Nueces County, Texas.

 

                        MEMORANDUM
OPINION 

 

           Before
Chief Justice Valdez and Justices Castillo and Garza

                            Memorandum
Opinion by Justice Garza           

                                                                                    








Appellant, Dario Jacoel, was convicted of three
counts of aggravated sexual assault of a child and two counts of injury to a
child.  See Tex. Pen. Code Ann. '' 22.021, 22.04 (Vernon 2005).  The jury assessed punishment at ten years= imprisonment plus a $2,500 fine for each sexual
assault conviction, and a ten-year probated sentence plus a $1,000 fine for
each injury to a child conviction.  The sentences
were ordered to run concurrently. 
Appellant now challenges his conviction by three issues: (1) the trial
court erred in denying appellant=s motion for new trial complaining of juror
misconduct, (2) the trial court abused its discretion in admitting prejudicial
hearsay over appellant=s objection, and (3) appellant received ineffective
assistance of counsel.  For the reasons
that follow, we affirm the judgment of the trial court. 

I.  Motion for
New Trial 

In his first issue, appellant contends the trial
court erred by failing to grant him a new trial after it was discovered that
juror Amanda Probert did not disclose that, during voir dire, she heard another
prospective juror say that appellant had been accused of a similar incident in
Austin.  This information was brought to
the court=s attention during the hearing on appellant=s motion for new trial.  Appellant argues that Probert failed to
accurately answer trial counsel=s voir dire questions and, because of this failure,
prevented counsel from intelligently exercising her peremptory challenges and
challenges for cause.  Appellant contends
he was thus denied his constitutional right to trial by a fair and impartial
jury and that the trial court=s refusal to grant a new trial constitutes
reversible error under Texas Rule of Appellate Procedure 44.2(a).  Tex.
R. App. P. 44.2(a).    








We review the denial of a motion for a new trial for
abuse of discretion.  Armstrong v.
State, 897 S.W.2d 361, 363 (Tex. Crim. App. 1995).  A conviction will be reversed when a juror
withholds information if (1) the omission is material, and (2) the defendant
exercises due diligence in eliciting that information.  Jones v. State, 596 S.W.2d 134, 137
(Tex. Crim. App. 1980), overruled on other grounds by Sneed v. State,
670 S.W.2d 262, 266 (Tex. Crim. App. 1984); see Armstrong, 897 S.W.2d at
363‑64.[1]  When a juror withholds material information
during voir dire, the parties are denied the full opportunity to intelligently
exercise their challenges, thus hampering their selection of a disinterested
and impartial jury.  Franklin v. State,
138 S.W.3d 351, 355 (Tex. Crim. App. 2004). 
However, defense counsel must ask specific questions designed to bring
out information that might indicate a juror's ability to be impartial and
truthful.  Armstrong, 897 S.W.2d
at 363‑64; cf. Von January v. State, 576 S.W.2d 43, 44-46 (Tex.
Crim. App. 1978) with Salazar v. State, 562 S.W.2d 480, 482 (Tex.
Crim. App. 1978).  Information will not
be considered "withheld" so as to constitute misconduct which would
warrant reversal if defense counsel fails to ask specific questions.  See Armstrong, 897 S.W.2d at 364.

In the instant case, no material information was
"withheld" because defense counsel did not ask the questions needed
to elicit the desired information. 
Appellant alleges to have exercised due diligence by stating to the
panel, Aif there is any reason you feel like you cannot give
my client, [appellant], a fair trial, a fair trial like you would expect, let
me know.@  Counsel also
relies on a number of questions asked of the panel: ASo is there anybody in here who cannot presume him
innocent?@ A [If] you can think of any reason, whatsoever, that
I haven=t asked or you didn=t
raise your hand, that you can reconsider something, that you cannot give
[appellant] a fair trial, be an impartial juror, will you let me know? Will you
call it to my attention?@  








In addition, appellant relies on questions asked by
the court and prosecutor.  During voir
dire, the court instructed the potential jurors that A[i]f you know anything about this case, you need to
let us know@ and A[i]f anyone attempts to discuss the case with you,
you must report it to me at once.@  After
swearing in the jurors, the court instructed them that A[i]f you know of or learn of anything about this
case, except from the evidence admitted during the course of the trial, you
should tell me about it at once.@ 

The prosecutor asked if any of the prospective
jurors knew appellant.  Probert raised
her hand.  He also asked if anyone had
heard of, or been to, appellant=s business. 
Again, Probert raised her hand. 
He asked if anyone felt they could not be fair and impartial to one side
or the other due to some other fact. 
None of the jurors responded to this question.  During individual voir dire, the prosecutor
asked Probert if she had any other contact with appellant other than seeing him
at his business.  She responded that she
had not.  








Our review of the voir dire record reveals that
neither appellant=s counsel, the trial court, nor the prosecutor asked
the jury panel or Probert the necessary questions (i.e., does anyone know
anything about appellant, or has anyone heard of or know of any previous
misconduct by appellant?).  See
Armstrong, 897 S.W.2d at 363-64.  The
questions asked were limited to whether (1) there was any reason the jurors
felt they could not give appellant a fair and impartial trial, (2) the jurors
knew of or learned anything about this case, (3) the jurors knew
appellant, and (4) the jurors had heard of or been to appellant=s business. 
The questions were subjective in nature. 
They required the venire members to determine whether any knowledge they
had would affect their decision making.  See
id.  If Probert concluded that her
knowledge about the prior similar incident would not affect her ability to be a
fair juror, then the appropriate response to those questions was no
response.  See id.  Additionally, defense counsel could have
probed further once she was aware that Probert knew appellant and had been to
his business, but chose not to. 
Accordingly, we hold that the trial court did not abuse its discretion by
denying appellant's motion for new trial. 
We overrule appellant=s first issue. 


II.  Admission
of Exhibit 27

 

In his second issue, appellant contends that the
trial court abused its discretion in admitting State=s Exhibit 27, which consisted of notes prepared by
the victim=s psychotherapist. 
Appellant contends the notes should not have been admitted because they
contained prejudicial hearsay.  The State
argues that appellant has failed to preserve the issue for review because
appellant=s counsel failed to raise a hearsay objection at
trial.  See Tex. R. App. P. 33.1.  We agree. 

To preserve a complaint for appellate review, a
party must present a timely request, objection, or motion to the trial court
stating the specific grounds for the desired ruling if the specific grounds are
not apparent from the context.  Id.;
Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000).  Generally, a party's failure to timely and
specifically object at trial fails to preserve error.  See Blue, 41 S.W.3d at 131.  An objection stating one legal basis may not
be used to support a different legal theory on appeal.  Zillender v. State, 557 S.W.2d 515,
517 (Tex. Crim. App. 1977).  Where a
complaint on appeal does not comport with an objection made at trial, the error
is not preserved for appellate review.  See
Goff v. State, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996).








The record reflects that, at the time Exhibit 27 was
offered into evidence, defense counsel objected that the notes improperly
bolstered the psychotherapist=s testimony, not that the notes constituted
prejudicial hearsay.  Because appellant's
complaint on appeal does not comport with his objection at trial, we hold that
he has failed to preserve this issue for review.  Tex.
R. App. P. 33.1; see also Goff, 931 S.W.2d at 551; Coffey v.
State, 796 S.W.2d 175, 179 (Tex. Crim. App. 1990).

Even if appellant had preserved the issue for
review, the record reflects that the same evidence came in through the
unobjected-to testimony of other witnesses, including that of the victim.  Hearsay evidence may be rendered harmless by
the introduction of the same or similar evidence without objection.  Huff v. State, 560 S.W.2d 652, 653
(Tex. Crim. App. 1978); Mendoza v. State, 69 S.W.3d 628, 634 (Tex. App.BCorpus Christi 2002, pet. ref=d).  Thus, any
error in the admission of Exhibit 27 was waived when the same or similar
evidence was came in later without objection. 
See Richardson v. State, 83 S.W.3d 332, 352 (Tex. App.BCorpus Christi 2002, pet. ref'd).  

We overrule appellant=s
second issue.

 

III. 
Ineffective Assistance of Counsel

 

In his third issue, appellant contends he received
ineffective assistance of counsel due to trial counsel=s failure to timely object to the testimony of the
victim=s psychotherapist.








The standard for testing claims of ineffective
assistance of counsel is set out in Strickland v. Washington, 466 U.S.
668, 687B88 (1984).  To
prevail on a claim of ineffective assistance of counsel, an appellant must, by
a preponderance of the evidence, prove (1) trial counsel=s performance fell below an objective standard of
reasonableness, and (2) counsel=s deficient representation prejudiced appellant=s defense.  Id. at 688; Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002); Rosales v. State, 4 S.W.3d 228,
231 (Tex. Crim. App. 1999).  To satisfy
the first prong, the appellant must (1) rebut the presumption that counsel is
competent by identifying the acts and/or omissions of counsel that are alleged
as ineffective assistance, and (2) affirmatively prove that such acts and/or
omissions fell below the professional norm of reasonableness.  Stults v. State, 23 S.W.3d 198, 208
(Tex. App.BHouston [14th Dist.] 2000, pet. ref'd).  To satisfy the second prong and establish
prejudice, the appellant must prove there is a reasonable probability that, but
for counsel's deficient performance, the result of the proceeding would have
been different.  Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000); Stults, 23 S.W.3d at 208.  A reasonable probability has been defined as
a probability sufficient to undermine confidence in the outcome of the
proceedings.  Jackson v. State,
973 S.W.2d 954, 956 (Tex. Crim. App. 1998). 
In other words, the appellant must prove counsel=s representation so undermined the proper
functioning of the adversarial process that the trial cannot be relied on as
having produced a just result.  Strickland,
466 U.S. at 686.  If, however, Athere is at least the possibility that the conduct
could have been legitimate trial strategy,@ then we must Adefer to counsel=s
decisions and deny relief on an ineffective assistance claim on direct appeal.@  Murphy v.
State, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003).








Our review of counsel=s
representation is highly deferential, and we indulge a strong presumption that
counsel=s conduct fell within the wide range of reasonable
representation.  See Strickland,
466 U.S. at 689; Tong, 25 S.W.3d at 712. 
An appellate court should not use hindsight to second‑guess the
strategy of counsel at trial, nor will the fact that another attorney might
have pursued a different course support a finding of ineffectiveness.  Blott v. State, 588 S.W.2d 588, 592
(Tex. Crim. App. 1979); Harner v. State, 997 S.W.2d 695, 704 (Tex. App.BTexarkana 1999, no pet.).  Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Assuming, without deciding, that counsel=s performance fell below a reasonably professional
standard, we note that counsel has neglected addressing the second prong of the
Strickland test,  which is
essential to establish ineffective assistance of counsel.  See Tong, 25 S.W.3d at 712.  We will not construe appellant=s argument for him. 
Accordingly, we overrule appellant=s third issue. 


We affirm the judgment of the trial court. 

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 6th day of October, 2005.











[1] The parties do not dispute that
the allegedly withheld information is material. 
Accordingly, we will limit our review to whether appellant=s defense counsel exercised due
diligence in eliciting the information.