**Opinion issued May 17, 2016**



In The

# Court of Appeals

For The

## First District of Texas

————————————

**NO. 01-15-00534-CR**

————————————

**EMILIO LEDESMA, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Case No. 1430577

**MEMORANDUM OPINION**

After a jury trial, Emilio Ledesma, Jr. was convicted of failure to register as a sex offender. After finding two enhancement paragraphs true, the jury assessed his punishment at 33 years' confinement. Ledesma appeals, contending that the trial court erroneously admitted testimony from two witnesses. We affirm.

## BACKGROUND

In 1991, Emilio Ledesma was convicted of robbery and sexual assault. He was sentenced to thirty years' imprisonment for the sexual assault and subsequently was released on parole. Upon release from an intermediate sanction facility (ISF) where he had been serving time for a parole violation, a parole officer admonished Ledesma about his parole reporting requirements, including his obligation to register as a sex offender with the local authorities whenever he moves. Ledesma signed the form, acknowledging the requirements. He reported that he intended to reside at 3000 Carrolton Street, an apartment complex in Southeast Houston, within Harris County. Ledesma was approved to live at the Carrolton apartment, where his stepsister, Graciela Maya, lived.

Ledesma was assigned to Nathan Garcia, a parole officer with the Texas Department of Criminal Justice. TDCJ instructed Ledesma to meet with Garcia on March 13, 2014. Ledesma was also required to report to the Harris County Sheriff's Office to register as a sex offender no later than March 17th, seven days after his release. Ledesma met with Garcia as scheduled, but he did not register with either the Harris County Sheriff's Office or any other law enforcement agency.

A few months later, Detective April Ontiveros of the Pasadena Police Department's sex crimes division was notified that Ledesma had been found at an

apartment complex in Pasadena, located at 3271 Shaver Street, in connection with an incident. She testified that when police checked the Pasadena apartment, they found Ledesma there. Detective Ontiveros recounted that her investigation was prompted by a separate incident involving Ledesma. She had reviewed documents concerning the Pasadena apartment incident. When she visited the apartment, Ontiveros found Ledesma there with his girlfriend, and she spoke with Ledesma during the investigation. She testified that she searched the records and was unable to find any record that Ledesma had registered as a sexual offender.

Parole Officer Garcia testified that he had attempted to contact Ledesma at the Carrolton apartment, but was unable to find him or reach him by telephone at the number that he had provided. When Garcia visited the Carrolton residence, he discovered that Ledesma was not there. Garcia testified about the conditions of Ledesma's release and Ledesma's agreement to comply with them, including the requirement that he register as a sex offender. When the State asked whether, during the course of his investigation, Garcia had found an address where Ledesma could be found, defense counsel objected on hearsay grounds. The trial court overruled Ledesma's hearsay objection, and Garcia responded that Ledesma was found at the Shaver address in Pasadena. The State asked whether Garcia had formed an opinion as to whether Ledesma was living at the Carrolton address. Garcia responded that Ledesma did not reside at the Carrolton address.

Graciela Maya, Ledesma's stepsister, testified that she has known Ledesma her entire life because he is her stepfather's son. At the time of Ledesma's release, Graciela resided at the 3000 Carrolton address with her daughter, one of her brothers, his wife, and their three children. She testified that Ledesma never lived at the Carrolton address after his release in March.

Graciela testified that her brother, Luis Maya, had also lived at the Carrolton address but beginning in March 2014 lived at "some apartments off of Shaver and Spencer Highway" at 3271 Shaver. Over a defense objection that Graciela lacked personal knowledge, she further testified that Ledesma lived at the Shaver apartments with her brother, Luis.

Graciela and Ledesma had been in a sexual relationship for "a month or two" during one time that Ledesma had been released from prison. Graciela testified that Ledesma had lived with her at the Carrolton address for a few months after his initial release from prison, before his detention in the ISF for a parole violation. Graciela denied that Ledesma lived with her at the Carrolton address between his March 7 release from the ISF and March 28. Graciela also denied receiving any of Garcia's phone calls at the Carrolton address and testified that her telephone number at the Carrolton address had not changed in the last ten years.

4

**DISCUSSION**

Ledesma contends that the trial court erred in admitting hearsay testimony by Parole Officer Garcia and his stepsister Graciela over his objection, and that he was harmed by its admission.

## I.      Standard of Review and Applicable Law

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). A trial court does not abuse its discretion if some evidence supports its decision. *Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002). We uphold a trial court's evidentiary ruling if it was correct on any theory of the law applicable to the case. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

Texas law prohibits a witness from testifying on a matter unless the witness has personal knowledge of the matter. TEX. R. EVID. 602; *Pena v. State*, 441 S.W.3d 635, 644 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Further, absent a hearsay exception, a party may not offer an out-of-court statement for the truth of the matter asserted in the statement. *See* TEX. R. EVID. 801(d), 802. If evidence is admissible for a limited purpose other than to prove the truth of the

matter asserted, then a complaining party must object and request a limiting instruction to preserve a complaint on appeal about its admission. *See* TEX. R. EVID. 105(b)(1).

## II.  Admission of Evidence

### A.  Investigating Officer

The State asked Parole Officer Garcia on direct examination:

THE STATE        . . . [D]uring the course [of] your investigation, did [you] discover an address where the defendant was found?

DEFENSE COUNSEL:   Objection as to hearsay.

THE COURT:     Overruled.  He may answer if he knows, yes or no.

A:    Yes.  I was told of a different address where he may be residing.

THE STATE:       And what was that address?

DEFENSE COUNSEL:  Objection as to hearsay.  He was told a different address.

THE STATE:      Your Honor, he's a law enforcement officer, so he's entitled to divulge the results of his investigation, part of which is reviewing the reports of other officers.

DEFENSE COUNSEL:   That is not a hearsay exception.

THE COURT:     Objection is overruled.  He may answer.

A:    I know the address to be a Shaver Street, The Villas at Shaver in Pasadena, Texas.

6

Ledesma contends that Garcia's answer should have been excluded as hearsay. However, out-of-court statements by law enforcement officers may be admissible for limited purposes other than hearsay, including to provide information about the course of an investigation; in such instances, a trial court may determine that the evidence is admissible for purposes other than for the truth of the matter asserted. TEX. R. EVID. 801(d)(2); *Guidry v. State*, 9 S.W.3d 133, 152 (Tex. Crim. App. 1999) (holding that trial court did not abuse its discretion in admitting hearsay statement from police officer that address book found in investigation connected defendant's phone number to conspiracy, explaining that "[a]n extrajudicial statement or writing which is offered for the purpose of showing *what* was said rather than for the *truth* of the matter stated therein does not constitute hearsay.") (quoting *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995)); *Jones v. State*, 466 S.W.3d 252, 263–64 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd); *see, e.g.*, *Mendoza v. State*, 69 S.W.3d 628, 633 (Tex. App.—Corpus Christi 2002, pet. ref'd) (information relayed by police to arresting officer that appellant was assailant not offered for truth of matter asserted). As the State noted in its response in the trial court, Officer Garcia's statement was in the context of his description of what prompted his investigation into Ledesma's possible parole violation and put him on notice that Ledesma was not at the Carrolton address. When a trial court admits evidence that is hearsay that is

admissible for a limited purpose, a party may claim error only if the party requests the court to instruct the jury accordingly. *See* TEX. R. EVID. 105(b)(1). Ledesma did not request that the jury consider the statement for notice purposes only, and not for the truth of the matter asserted. Because the out-of-court statement was admissible for another purpose, the trial court did not abuse its discretion by allowing it into evidence for that purpose; absent a limiting instruction, the claim of error in the admission of the hearsay evidence is not preserved for our review. *See* TEX. R. EVID. 801(d)(2); *Guidry*, 9 S.W.3d at 152; *Jones*, 466 S.W.3d at 263–64; *Mendoza*, 69 S.W.3d at 633.

## B. Personal Knowledge of Fact Witness

Ledesma next contends that Graciela Maya's testimony that Ledesma was living at the Pasadena address should have been excluded as hearsay because Graciela lacked personal knowledge of Ledesma's whereabouts. *See* TEX. R. EVID. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."). The State responds that (1) Ledesma failed to preserve error on this objection, (2) the trial court properly admitted the evidence, and (3) even assuming any error, admission of this testimony was harmless.

8

Graciela testified:

THE STATE: Did you have any other family in Pasadena?

A: I do.

THE STATE: Who?

A: My brother Luis Maya.

* * *

THE STATE: Where was your brother living at the beginning of March of 2014?

DEFENSE COUNSEL: Objection to relevance. I don't know this person that we're talking about.

THE COURT: Overruled. You may answer if you know.

THE STATE: Where was your brother living [in] March 2014?

A: Some apartments off of Shaver and Spencer Highway.

Q: And would those have been 3271 Shaver?

A: Yes.

Q: Was anyone living there with him?

A: Yes.

DEFENSE COUNSEL: Objection to hearsay. She hasn't established any personal knowledge.

THE STATE: I'm asking if she knows.

THE COURT: Right. You may answer, if you know.

A: Yes, I do know.

9

*THE STATE: And who, if you know, was living with him?*

*A: Emilio [Ledesma] and his girlfriend, Beatrice.*

THE STATE: And at some point [you] did mention that your brother lived [with] you also. At some point did he move out of that apartment on Shaver?

A: Yes.

DEFENSE COUNSEL: Your Honor, may we approach?

THE COURT: Let's hear the objection.

DEFENSE COUNSEL: May we approach, please?

THE COURT: You may come to the bench, please. Next time an objection is made, wait until I rule on the objection before you answer the question.

THE WITNESS: Okay.

(On-the-record discussion at the Bench)

MS. MEADOR: I would like to take this witness on voir dire outside the presence of the jury.

The State adduced evidence without an objection that Ledesma and his girlfriend resided with Graciela's brother, Luis, at his Shaver apartment; thus, this issue is not preserved for review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984) ("[A]n error in admission of evidence is cured where the same evidence comes in elsewhere without objection."). Absent the trial court's granting of a running objection, counsel is

10

required to object to inadmissible testimony each time the evidence is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); *see also Lane v. State*, 151 S.W.3d 188, 192–93 (Tex. Crim. App. 2004) (holding unless defendant obtains running objection, he waives complaint to admission of particular evidence when same or like evidence received elsewhere without objection); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) ("Our rule . . . is that overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling.").

Even assuming that error was preserved, Graciela testified that she knew where Ledesma, her stepbrother, lived because he lived there with Luis, her other brother. She stated that one knows where one's family lives. She testified that she had dropped "[her] brother" off at the apartment, and that "I've seen my other brother walk into the apartment. I seen this brother walk out of it." Graciela admitted, however, that she had never been inside the Shaver apartment and hadn't talked to or had contact with Ledesma since the time he was released.

Ledesma notes that Graciela testified that Beatrice's daughter, who also lived at the Shaver apartment, told her that Ledesma lived there. Ledesma argues that this demonstrates that Graciela's knowledge was based entirely on hearsay.

A trial court, however, may in its discretion determine that a witness has personal knowledge of facts based on the witness's own testimony that the witness

11

is knowledgeable. *See* TEX. R. EVID. 602. A witness may testify in the form of opinions and inferences which are (1) "rationally based on the witness's perception" and (2) "helpful to clearly understanding the witness's testimony or to determining a fact in issue." TEX. R. EVID. 701; *accord Fairow v. State*, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997). An opinion is rationally based upon perception if a reasonable person could draw the opinion based upon personal knowledge or experience. *Fairow*, 943 S.W.2d at 899–900.

Here, Graciela indicated that she had seen one brother enter the Shaver apartment and another exit. This coupled with her affirmative statement that she was aware of where the members of her family resided, including Ledesma, is sufficient for the trial court to have concluded that an adequate foundation existed for Graciela to testify about Ledesma's whereabouts, with the credibility and weight of that testimony subject to challenge on cross-examination.

**CONCLUSION**

We affirm the judgment of the trial court.

                                                     Jane Bland
                                                     Justice

Panel consists of Justices Higley, Bland, and Massengale.

Do not publish. *See* TEX. R. APP. P. 47.2(b).